OPINION
 

 CHARLES W. SEYMORE, Justice.
 

 Appellant, Michael Cleon Ross, appeals a conviction for murder. In four issues, he contends the trial court erred by (1) allowing the State to ask an improper commitment question during voir dire, (2) admitting hearsay testimony, (3) allowing witnesses to refer to him by a derogatory nickname, and (4) admitting two videotaped interviews. We affirm.
 

 BACKGROUND
 

 According to the State’s evidence, appellant shot and killed Randy Robertson while Robertson was in his car attempting to buy drugs. Timothy Higgins testified he was passed out in appellant’s van the night of the offense after drinking alcohol, taking codeine, and smoking marijuana. He testified appellant woke him up and told him he had shot someone who tried to “jack” him. Higgins further testified appellant then drove down a back road, wiped off a gun, and threw it off a bridge. A jury found appellant guilty of murder and sentenced him to forty years’ confinement.
 

 Commitment Question
 

 In his first issue, appellant claims the trial court erred by allowing the State to ask an improper commitment question during voir dire. However, we find appellant failed to preserve this complaint for our review.
 
 See
 
 Tex.R.App. P. 33.1(a). To preserve error regarding improper voir dire questions, a party must make a timely, specific objection at the earliest possible opportunity.
 
 Turner v. State,
 
 805 S.W.2d 423, 431 (Tex.Crim.App.1991). The State asked the jury panel members whether they would require more evidence than one witness if they found the witness to be credible and believed the State proved all the elements of the offense beyond a reasonable doubt through that witness. Appellant did not object until after the State had directed the question to two panel members, and one of those potential jurors had further dialogue with the State about the question. Accordingly, appellant did not object at the earliest possible opportunity and waived the issue for our review.
 
 See Thrift v. State,
 
 134 S.W.3d 475, 477 (Tex.App.-Waco
 
 *794
 
 2004, no pet. granted) (holding error was not preserved where matter was explored with jury panel before defendant objected).
 
 [1]
 
 Appellant’s first issue is overruled.
 

 Admission of Hearsay
 

 In his second issue, appellant contends the trial court erred by allowing witness Nicole Cabbie to testify regarding a statement that Cleo Anderson, appellant’s cousin, made to her. Anderson was living with Cabbie at the time of the offense. On the night of the shooting, appellant picked up Anderson from their home in Houston. When Anderson returned home shortly after the shooting, he was excited, nervous, and scared. Anderson told Cabbie, “I can’t believe my cousin had shot somebody.” He made no other statements about what had occurred.
 

 Before Cabbie testified, the trial court conducted a hearing outside the presence of the jury to determine whether she could testify to the out-of-court statement made by Anderson. After hearing arguments by both sides, the trial court determined Anderson’s statement qualified as an excited utterance and permitted Cabbie to testify regarding the statement.
 

 We review the trial court’s ruling on the admission of evidence for an abuse of discretion.
 
 Weatherred v. State,
 
 15 S.W.3d 540, 542 (Tex.Crim.App.2000). Our role is limited to determining whether the record supports the trial court’s ruling.
 
 Coffin v. State,
 
 885 S.W.2d 140, 149 (Tex.Crim.App.1994). Therefore, we must reverse only when “the trial judge’s decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree.”
 
 Zuliani v. State,
 
 97 S.W.3d 589, 595 (Tex.Crim.App.2003) (quoting
 
 Cantu v. State,
 
 842 S.W.2d 667, 682 (Tex.Crim.App.1992)).
 

 An excited utterance, which is a “statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition,” is not excluded by the hearsay rule.
 
 Id.
 
 To qualify as an excited utterance, the following criteria must be met: (1) the statement is the product of a startling event; (2) the declar-ant is dominated by the emotion, excitement, fear or pain of the event; and (3) the statement relates to the circumstances of the startling event.
 
 See Jackson v. State,
 
 110 S.W.3d 626, 633 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd) (citing
 
 McFarland v. State,
 
 845 S.W.2d 824, 846 (Tex.Crim.App.1992)).
 

 Appellant contends that the trial court abused its discretion by admitting Anderson’s statement because the State offered no evidence of the circumstances surrounding Anderson’s statement, other than the statement itself, to prove it was an excited utterance. Specifically, appellant contends that the State failed to show (1) that Anderson experienced an exciting event or witnessed the shooting, (2) Anderson’s source of knowledge of the shooting, (3) how much time elapsed, or what occurred, between the exciting event and Anderson’s statement, and (4) whether the term “cousin” used by Anderson actually referred to appellant.
 
 [2]
 

 Exciting Event
 

 Appellant first contends Anderson’s statement did not qualify as an excited
 
 *795
 
 utterance because the evidence did not establish that Anderson had experienced an exciting event that produced his statement.
 
 See id.
 
 (holding that statement must be product of a startling event). Appellant directs us to Cabbie’s trial testimony where she acknowledged that when Anderson returned home, he did not specifically state that he saw the shooting. However, we must review the trial court’s decision on the admission of evidence in light of what was before the trial court at the time the ruling was made.
 
 Dragoo v. State,
 
 96 S.W.3d 308, 313 (Tex.Crim.App.2003);
 
 Willover v. State,
 
 70 S.W.3d 841, 845 (Tex.Crim.App.2002). Because Cabbie’s trial testimony was not in evidence when the trial court ruled, we may not consider it.
 
 [3]
 

 At the time of its ruling, the evidence before the trial court regarding Anderson’s observation of the shooting showed that Anderson left with appellant, and when Anderson returned shortly after the shooting, he stated, “I can’t believe my cousin had shot somebody.” In general, the contents of the statement itself, along with the declarant’s appearance, behavior, and condition, may be relied upon to establish the occurrence of an exciting event, and the declarant’s personal perception of it.
 
 See McLaughlin v. Vinzant,
 
 522 F.2d 448, 451 (1st Cir.1975).
 
 [4]
 
 Anderson’s condition at the time of the statement was described as excited, nervous and scared, and he appeared as if “he did not know what to do.” Moreover, his statement directly related to an exciting event, the shooting. Thus, based on the evidence and circumstances known at the time of its ruling, the trial court could have reasonably concluded that the exciting event witnessed by Anderson was the shooting itself. Accordingly, to the extent the trial court based its ruling on the fact that Anderson personally perceived the shooting, we find no abuse of discretion.
 

 We further note that the startling occurrence that triggers the excited utterance need not necessarily be the crime itself.
 
 See Salazar v. State,
 
 38 S.W.3d 141, 154-55 (Tex.Crim.App.2001) (holding trial court could have found startling event or condition was declarant’s sustaining an injury
 
 or
 
 the pain she later experienced);
 
 Couchman v. State,
 
 3 S.W.3d 155, 159 (Tex.App.-Fort Worth 1999, pet. ref'd). Assuming that Anderson learned of the shooting by a source, other than first-hand knowledge, the trial court could have reasonably found that Anderson’s statement to Cabbie “related to a startling event,” that event being acquiring knowledge that appellant killed someone, and that Anderson was still under the “emotional stress of the excitement caused by the event or condition.”
 
 See Salazar,
 
 38 S.W.3d at 154-55.
 

 Anderson’s Source of Knowledge
 

 Appellant argues that Anderson’s source of knowledge of the shooting is critical because Anderson may have been told about the shooting by someone else; in such case, the third party’s out-of-court statement would constitute hearsay, and therefore, must independently satisfy a hearsay exception.
 
 See
 
 Tex.R. Evid. 805. We find that this contention is without merit. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. Tex.R. Evid. 801(d). Although Anderson may have learned of the
 
 *796
 
 shooting from a third party, the State did not offer the third party’s
 
 statement
 
 into evidence. The only out-of-court statement offered into evidence was Anderson’s own statement. Therefore, the State was only required to show that Anderson’s statement falls within a hearsay exception.
 

 Passage of Time
 

 Appellant also contends that Anderson’s statement does not qualify as an excited utterance because the State failed to show the amount of time that elapsed between the shooting and Anderson’s purported statement. Appellant further maintains that Anderson’s statement is not reliable because the State was unable to show Anderson’s actions during the time between the shooting and the statement, and therefore, Anderson may have had the opportunity to reflect on, or fabricate, the details of the shooting.
 

 The excited utterance exception to the hearsay rule is founded on the belief that a statement made as a result of a startling event or condition is involuntary and does not allow the declarant an adequate opportunity to fabricate, thereby ensuring the trustworthiness of the statement.
 
 Couchman,
 
 3 S.W.3d at 159. In other words, the statement is trustworthy because it represents an event speaking through the person rather than the person speaking about the event.
 
 Zuliani,
 
 97 S.W.3d at 595. The lapse of time between the event and declaration, and whether the statement is made in response to a question, are considerations in determining whether the statement is admissible as an excited utterance, but they are not disposi-tive.
 
 Lawton v. State,
 
 913 S.W.2d 542, 553 (Tex.Crim.App.1995). The critical factor is whether the emotions, excitement, fear, or pain of the event still dominated the de-clarant at the time of the statement.
 
 Zuliani,
 
 97 S.W.3d at 596. If the statement is made while the declarant is still in the grip of emotion, excitement, fear, or pain and the statement relates to the exciting event, it is admissible even after an appreciable amount of time has elapsed.
 
 Penry v. State,
 
 691 S.W.2d 636, 647 (Tex.Crim.App.1985);
 
 Jones v. State,
 
 772 S.W.2d 551, 555 (Tex.App.-Dallas 1989, writ ref'd).
 

 As appellant asserts, the State did not establish the exact amount of time that elapsed between the shooting and Anderson’s statement to Cabbie. However, an approximate length of time was established. The evidence shows that the shooting occurred on March 1, 2001 between 2:20 a.m. and 4:45 a.m.
 
 [5]
 
 Anderson’s statement was made the same day sometime after 1 a.m., but while it was still dark outside. Thus, although the exact amount of time between the shooting and the statement cannot be ascertained, it is clear that the elapsed time between the shooting and the statement was likely no more than a few hours. We cannot say that this amount of time disqualifies the statement from being an excited utterance.
 
 See Zuliani,
 
 97 S.W.3d at 596 (holding statements qualified as excited utterances where de-clarant was scared and tired, and her statements were in response to questions twenty hours after the event);
 
 Short v. State,
 
 658 S.W.2d 250, 255 (Tex.App.-Houston [1st Dist.] 1983),
 
 affirmed,
 
 671 S.W.2d 888 (Tex.Crim.App.1984) (holding four-and-one-half hours was not too long a period of time between exciting event and a statement made by a child still in extreme pain regarding the cause of his injury).
 

 
 *797
 
 Further, we find that the trial court could have reasonably concluded that Anderson had not been able to reflect or fabricate and was still under the excitement and stress of the shooting at the time of the statement. Anderson’s statement was made only a few hours after the shooting, an event likely to produce extreme excitement and shock so as to ensure the statement’s spontaneity and reliability. Because of the extreme nature of the startling event, and the short passage of time, it is highly probable that Anderson was still dominated by the emotion caused by the startling event.
 
 See Lawton,
 
 913 5.W.2d at 553-54 (holding eyewitness’s statement made an hour after the crime properly admitted as excited utterance based on magnitude of crime and officer’s testimony that witness was excited and upset when making the statement);
 
 Cf. Aguilera v. State,
 
 75 S.W.3d 60, 68 (Tex.App.-San Antonio 2002, pet. ref'd.) (holding no excited utterance because declarant had time to fabricate during one-year lapse);
 
 Gay v. State,
 
 981 S.W.2d 864, 867 (Tex.App.-Houston [1st Dist.] 1998, pet. ref'd) (holding no excited utterance because de-clarant most likely deliberated about the offense during 10-day lapse).
 

 Finally, we note that the record supports a finding that Anderson was still dominated by the emotions caused by the shooting.
 
 See Zuliani,
 
 97 S.W.3d at 596 (holding that “critical factor” is whether the declarant was still dominated by the emotions, excitement, fear or pain of the event). Cabbie testified that when Anderson arrived home, he was exited, nervous, and scared and “didn’t know what to do.” Also, Anderson’s statement was not in response to a question but was volunteered upon arriving home and encountering Cabble.
 

 Because the record supports the trial court’s ruling, we find the trial court did not abuse its discretion in admitting Anderson’s hearsay statement under the excited utterance exception. We overrule appellant’s second issue.
 
 [6]
 

 Use of Nickname
 

 In his third issue, appellant claims the trial court abused its discretion by allowing the State, and trial witnesses, to refer to appellant by his street nickname, “Thug.” The State contends appellant did not preserve this issue for our review. To preserve error for appeal, a party must object each time inadmissible evidence is offered unless he (1) obtains a running objection, or (2) makes an objection outside the presence of the jury to all the testimony he deems objectionable.
 
 Martinez v. State,
 
 98 S.W.3d 189, 193 (Tex.Crim.App.2003);
 
 see
 
 Tex.R. Evid. 103(a)(1).
 

 At trial, a hearing was held outside the presence of the jury in which the trial court considered whether witness Nicole Cabbie could refer to appellant as “Thug” during her testimony. Because Cabbie only knew appellant by his nickname, the State requested that Cabbie be permitted to refer to appellant by his nickname for identification purposes. Appellant objected that the probative value would be substantially outweighed by the danger of unfair prejudice. The trial court overruled appellant’s objection.
 

 Although appellant objected outside the presence of the jury to the admission of his nickname through Cabbie’s testimony, this objection only relieved him of having to reassert his objection while she testified.
 
 See Gillum v. State,
 
 888 S.W.2d 281, 285 (Tex.App.-El Paso
 
 *798
 
 1994, pet. ref'd). Texas Rule of Evidence 103 provides that an objection to “offered” evidence outside the presence of the jury will apply to the evidence when it is admitted before the jury without having to repeat the objection. Tex.R. Evtd. 103. Because only Cabbie’s testimony concerning appellant’s nickname was “offered” outside the presence of the jury, appellant’s objection did not preserve error with regard to the additional testimony about his nickname that was subsequently offered by other witnesses. Moreover, because the subsequent witnesses referred to appellant’s nickname, any error in allowing Cabbie to refer to appellant’s nickname was cured by the unobjected-to testimony of the subsequent witnesses.
 
 See Leday v. State,
 
 983 S.W.2d 713, 718 (Tex.Crim.App.1998) (holding that overruling an objection to evidence will not result in reversal when other such evidence is received without objection).
 

 Accordingly, we overrule appellant’s third issue.
 

 Admission of Videotapes
 

 In his fourth issue, appellant claims the trial court erred by admitting two videotaped police interviews of appellant. In the first interview, appellant claimed he knew nothing about the murder. In the second interview, he claimed that on the night of the offense, he gave a ride to an acquaintance who admitted committing the murder. Appellant also claimed he had stayed at his girlfriend’s house that night. Appellant also denied being with Higgins the night of the offense and denied any knowledge about a .22 caliber handgun. In contrast to appellant’s claims, his girlfriend testified appellant was not at her home that night. Witnesses also testified appellant was with Higgins, and appellant had traded some crack for a .22 caliber handgun about a week before the offense. The videotapes also contained several references to drugs, extraneous crimes and bad acts, and character evidence.
 

 At trial, appellant objected to admission of the videotapes in their entirety claiming they were irrelevant, and their probative value was substantially outweighed by the danger of unfair prejudice.
 
 See
 
 Tex.R. Evid. 402, Tex.R. Evid. 403. A defendant’s conduct after the commission of a crime which indicates a “consciousness of guilt” is admissible to prove that he committed the offense.
 
 Torres v. State,
 
 794 S.W.2d 596, 598 (Tex.App.-Austin 1990, no pet.). This conduct includes making false statements to cover up the crime.
 
 See King v. State,
 
 29 S.W.3d 556, 564-65 (Tex.Crim.App.2000). Therefore, appellant’s statements to police which contradicted other evidence presented at trial were relevant and admissible to show his consciousness of guilt. Although the tapes contained statements that were not relevant to show appellant’s consciousness of guilt (such as discussions about fishing), when evidence contains both admissible and inadmissible portions, the objecting party must specifically refer to the inadmissible, portions to apprise the trial court of the precise objection.
 
 See Sonnier v. State,
 
 913 S.W.2d 511, 518 (Tex.Crim.App.1995). Appellant failed to specifically object to any particular portions of the interview, and thus, any error in overruling his relevancy objection has not been preserved for review.
 
 See id.
 

 Appellant also failed to preserve error on his claim that the probative value of the videotapes was outweighed by the danger of unfair prejudice because he did not specifically object to the portions of the interviews that were inadmissible. At trial, appellant pointed out that the tapes contained references to drugs, crime, nicknames, extraneous offenses and bad acts. However, he did not specify where these references could be found in the three
 
 *799
 
 hour tapes. The trial court is not required to sort through challenged evidence to segregate the admissible from the inadmissible.
 
 See Willover,
 
 70 S.W.3d at 847. Because appellant did not specifically refer to the portions of the interviews he deemed inadmissible, he failed to preserve the issue for our review.
 
 [7]
 

 See Sonnier,
 
 913 S.W.2d at 518. Appellant’s fourth issue is overruled.
 

 Accordingly, the judgment of the trial court is affirmed.
 

 [1]
 

 . Appellant also notes that the State was permitted to ask the "one witness" question to potential jurors outside the presence of the panel. However, the record reflects that appellant made no objection to these questions at the time they were asked. Therefore, he has waived any complaint about these questions on appeal.
 
 See
 
 Tex.R.App P. 33.1(a).
 

 [2]
 

 . Initially, we note that whether the term "cousin" referred to appellant goes to the weight and not the admissibility of the statement.
 

 [3]
 

 . We note that Cabbie’s trial testimony does not establish that Anderson was not present at the time of the shooting. Cabbie merely testified that Anderson did not tell her that he saw the shooting.
 

 [4]
 

 . We note that the Texas and federal rules on excited utterances are identical, and that Texas adopted the federal rule.
 
 See
 
 Fed.R.Evid. 803(2); H. Wendorf & D. Shlueter, Texas Rules of Evidence Manual 326 (2d ed.1988).
 

 [5]
 

 . Jack Langdon, a lead investigator on the case, testified that he viewed a videotape from a Chevron station where the victim was found dead in his car, and it showed that something "unusual” was happening around the car about 2:25 a.m. The victim’s body was discovered in his car around 4:45 a.m.
 

 [6]
 

 . Because we have determined that the trial court did not abuse its discretion by admitting the statement under the excited utterance exception, we need not address whether the statement was admissible under the present sense impression exception.
 

 [7]
 

 . In a previous trial of this case, appellant did make objections to specific portions of the interviews that he wanted excluded. The record reflects that in this trial, the court took notice of these previous objections. However, in this appeal, appellant does not complain about the specific portions of the videotapes that were the basis of those objections.