Affirmed and Memorandum Opinion filed August 1, 2006








Affirmed and Memorandum Opinion filed August 1, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-04-01050-CR

_______________

 

ORANGE RASTINE BROWN, III, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 182nd District Court

Harris County, Texas

Trial Court Cause No. 982,507

                                                                                                                                               


 

M E M O R
A N D U M   O P I N I O N

A jury
found appellant, Orange Rastine Brown, III, guilty of aggravated robbery, and
the trial court sentenced him to twenty-five years= confinement.  In his sole issue,
appellant contends the trial court erred by admitting hearsay testimony from
investigating police officers regarding statements made by two witnesses. 
Because all dispositive issues are clearly settled in law, we issue this
memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.

I. Background

Appellant
was accused of robbing a small grocery store at gun point.  Tony Nguyen, the
clerk, and Hieu Le, the owner, who were both present during the robbery, could
not identify the robber because his face was partially covered.  However, Brodrick
Rax testified that he entered the store during the robbery and recognized
appellant immediately because he had known him for several months.  Rax
followed appellant to his house after the robbery.  Based on a tip from a
witness who saw appellant running from the store, police officers subsequently
found appellant and Rax leaving the house.  The officers took them back to the
store where Nguyen and Le both identified Rax as being present during the
robbery.

II. Discussion

Appellant
contends the trial court erred by admitting hearsay testimony from the officers
that Nguyen and Le identified Rax as being present during the robbery. 
Appellant contends this testimony impermissibly bolstered Rax=s claim that he saw appellant commit
the crime.

Appellant=s complaint is not exactly clear.  In
his stated issue, he complains only that the trial court overruled his
objection to the testimony of Officer Marco Lopez.  At trial, the State asked
Officer Lopez whether Nguyen and Le could identify Rax as being present during
the robbery.  The trial court overruled appellant=s hearsay objection.  Officer Lopez
then replied, AI don=t recall.@  Thus, any error in overruling appellant=s objection was harmless because
Officer Lopez did not provide any hearsay statements.  See Tex. R. App. P. 44.1(a)(1).

Apparently,
appellant=s actual complaint is that the trial court erred by later admitting
Officer Christopher Aranda=s testimony when the State asked him similar questions:

Q.        Brodrick Rax was identified by Mr. Nguyen and Mr. Le back at
the store, do you remember that?








A.        Uh-huh.

Q.        And they identified him as the man that was present during
the robbery?

A.        Correct.

Appellant
did not preserve error on this complaint because he did not object to this
testimony.  See Tex. R. App. P.
33.1(a).  Appellant seems to argue that his earlier objection to Officer
Lopez=s testimony was sufficient to
preserve error as to Officer Aranda=s testimony.  However, to preserve
error, a party must object each time inadmissible evidence is offered unless he
(1) obtains a running objection, or (2) makes an objection outside the presence
of the jury to all the testimony he deems objectionable.  Martinez v. State,
98 S.W.3d 189, 193 (Tex. Crim. App. 2003); Ross v. State, 154 S.W.3d
804, 811 (Tex. App.CHouston [14th Dist.] 2004, pet. ref=d); see Tex. R. Evid. 103(a)(1).  Appellant did
not obtain a running objection or object outside the jury=s presence to all testimony regarding
the witnesses= identification of Rax to the police officers.  Therefore, appellant
waived his complaint that Officer Aranda=s testimony was hearsay.

We overrule appellant=s sole issue and affirm the judgment of the trial court.

 

 

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed August 1, 2006.

Panel consists of Justices Hudson,
Fowler, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).