

**NUMBER 13-07-00282-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **RUDOLFO GONZALES,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

**On appeal from the 117th District Court
of Nueces County, Texas.**

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion by Justice Rodriguez**

Appellant, Rudolfo Gonzales, was indicted for aggravated assault with a deadly weapon, a second degree felony, enhanced to a first degree felony due to prior felony convictions. *See* TEX. PENAL CODE ANN. § 22.02 (Vernon Supp. 2007); *see also id.* § 12.42 (b) (Vernon Supp. 2007) ("If it is shown on the trial of a second-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a first-degree felony."). The jury charge included an instruction and application

paragraph on the law of parties. *See id.* § 7.02(a)(2) (Vernon 2003). A jury found appellant guilty, and the trial court sentenced him to twenty years in prison. By one issue, appellant contends that the evidence is factually insufficient to support the verdict. We affirm.

## I. BACKGROUND

On the evening of September 27, 2005, Ricardo Smith and his girlfriend, Guadalupe de Lanz, were driving home when they saw a man lying in the middle of the street. Smith testified that the man, later identified as Ricardo Guadiana, was bleeding and had other injuries. Smith could hear that Guadiana was having trouble breathing, so Smith called 911.

According to Dagoberto Resendez, an eyewitness, three men hit and kicked Guadiana, and then one of the men hit Guadiana several times on the head with what appeared to be a shovel. Resendez also testified that he saw someone holding Guadiana while the other men beat him.

The State called Francisco Gutierrez as a witness. Gutierrez had previously been convicted of the assault on Guadiana. Gutierrez testified that appellant was involved in the attack and acknowledged that, at his own trial, he testified that appellant had kicked Guadiana and hit him over the head with a beer bottle. On cross-examination, Gutierrez admitted that he had struck Guadiana on the head with the leg of a table. Although Gutierrez stated he did not see anyone holding Guadiana during the attack, he testified that after he clubbed Guadiana with a stick he saw "[Juan Francisco] trying to separate [appellant from Guadiana]."

Officer James N. Gray, Jr., testified that he went to appellant's residence the morning after the attack and recovered a pair of black boots that appeared to have blood

2

on them. Vicki Paiz, a crime scene investigator, testified that the substance on appellant's boots was blood. During cross-examination, Paiz testified that she did not know whether the blood could have been from an animal.

Officer Jason Smith testified that he interviewed appellant the morning after the incident. Appellant first told Officer Smith that he did not know about the assault, but later said that he and Francisco Gutierrez, Rolando Gutierrez, and Francisco Martinez were outside drinking beer when Guadiana came by. They gave Gaudiana a beer to calm him down because he appeared agitated. According to appellant, Guadiana became agitated again, he walked off but came running back because he was being chased by three unknown males. Officer Smith stated that appellant told him these men caught up to Guadiana and started beating him. Appellant told Officer Smith that the men ran away when he threw a beer bottle at them that broke on the street. According to Officer Smith, appellant told him that his boots had blood on them because he checked on Guadiana after the men ran away.

Benjamin Falcon testified that appellant gave him a written statement about the alleged assault. The statement was admitted as State's Exhibit 105. Falcon testified to the contents of appellant's statement and read the statement to the jury. In his statement, appellant indicated that Guadiana had approached him while he was sitting outside the residence of his work supervisor, Rolando Gutierrez. According to appellant's statement, Guadiana was agitated and shouted obscenities. Guadiana shoved Rolando Gutierrez, punched him in the lower jaw, then ran away, "looked back and tripped on the sidewalk and hit his head." Francisco Gutierrez then came out of his residence and began striking Guadiana on the head with a stick. Appellant claims that he pulled "them" away and that is when he got blood on his shoes.

3

## II. STANDARD OF REVIEW AND APPLICABLE LAW

In a factual sufficiency review, we view all of the evidence in a neutral light in order to determine whether a jury was rationally justified in finding guilt beyond a reasonable doubt. *Watson v. State*, 204 S.W.3d 404, 414-17 (Tex. Crim. App. 2006). Evidence may be factually insufficient if: (1) it is so weak as to be clearly wrong and manifestly unjust, or (2) the jury's verdict is against the great weight and preponderance of the available evidence. *Id.* at 414-15. In conducting a factual sufficiency review we "must give due deference to the fact finder's determinations concerning the weight and credibility of the evidence." *Swearingen v. State*, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003). Furthermore, unless we can say with some objective basis in the record that the great weight and preponderance of the evidence contradicts the jury's verdict, we will not reverse the judgment as factually insufficient. *Watson*, 204 S.W.3d at 417.

Under the law of parties, a person is criminally responsible for an offense committed by the conduct of another if, "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." TEX. PENAL CODE ANN. § 7.02(a)(2) (Vernon 2003). Participation in a criminal offense may be inferred from the circumstances. *Beardsley v. State*, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987). Mere presence or even knowledge of an offense does not make one a party to the offense. *Oaks v. State*, 642 S.W.2d 174, 177 (Tex. Crim. App. 1982). However, presence at the scene of the commission of the offense is a circumstance which, when taken with other facts, may be sufficient to show that the accused was a participant. *Harris v. State*, 645 S.W.2d 447, 457 (Tex. Crim. App. 1983).

4

## III. ANALYSIS

By one issue, appellant contends that the evidence is factually insufficient to support the verdict. Appellant argues that he is not guilty of assault under the law of parties because he did not hold Guadiana, and therefore, he did not aid the other two men who assaulted Guadiana.

However, the State presented evidence that appellant was present at the scene when Gutierrez beat Guadiana and that appellant was involved in the assault. Appellant told Officer Smith that he checked on Guadiana after the attack. In his written statement, appellant stated that he pulled Gutierrez away from Guadiana. Gutierrez testified that appellant was present when he hit Guadiana on the head. Gutierrez also testified that appellant was involved in the assault by kicking Guadiana and hitting his head with a beer bottle. Gutierrez further stated that he saw another man trying to separate appellant from Guadiana. Officers found blood on appellant's boots, which was consistent with Gutierrez's testimony that appellant kicked Guadiana and Resendez's testimony that he saw the men who assaulted Guadiana kick him. Furthermore, in his statement, appellant admitted that the substance on his boots was Guadiana's blood. The evidence that appellant was involved in the assault, kicked and hit Guadiana, and had Guadiana's blood on his boots is sufficient to show that appellant was a participant. *See Harris*, 645 S.W.2d at 457.

Furthermore, the State also produced evidence that appellant told several inconsistent stories about the event. *See Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004) (concluding that "attempts to conceal incriminating evidence, inconsistent statements, and implausible explanations to police are probative of wrongful conduct and are also circumstances of guilt"); *Ross v. State*, 154 S.W.3d 804, 812 (Tex. App. –Houston [14th Dist.] 2004, pet. ref'd) (finding that a defendant's conduct after the commission of a

5

crime, which includes making false statements to cover up the crime, indicates a consciousness of guilt that is admissible to prove that he committed the offense). First, appellant claimed that he did not know what happened, then he claimed that three unknown men assaulted Guadiana and ran away, and finally he claimed that Gutierrez assaulted Guadiana and appellant attempted to stop him. Appellant's inconsistent and false statements indicate a consciousness of guilt, which is probative of wrongful conduct. *See Guevara*, 153 S.W.3d at 50; *Ross*, S.W.3d at 812.

Viewing all of the evidence in a neutral light and giving due deference to the jury's determination concerning the weight and credibility of the evidence, we cannot say with some objective basis in the record that the great weight and preponderance of the evidence contradicts the jury's verdict. *See Watson*, 204 S.W.3d at 417; *Swearingen*, 101 S.W.3d at 97. Furthermore, the jury's verdict is not so weak as to be clearly wrong and manifestly unjust. *See Watson*, 204 S.W.3d at 414-15. Therefore, we conclude that the evidence is factually sufficient to support the jury's verdict under the law of parties. *See* TEX. PENAL CODE ANN. § 7.02(a)(2) (Vernon 2003). We overrule appellant's sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 26th day of June, 2008.

6