Opinion issued January 28, 2010














In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00466-CR




KYONG M. MCLEAN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the County Criminal Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1520661


 
O P I N I O NA jury convicted appellant, Kyong M. McLean, of prostitution.


 After the jury
found appellant guilty, the State and appellant agreed to a sentence of ten days in jail
and a fine of two thousand dollars. In four issues, appellant argues that the comments
concerning prostitution made by the trial court during voir dire: (1) tainted the
presumption of innocence to which she was entitled; (2) abrogated the trial court’s
obligation to act as an impartial arbiter; (3) impermissibly conveyed the trial court’s
opinion of the case to the jury and were reasonably calculated to prejudice appellant’s
rights, requiring reversal; and (4) constituted plain or fundamental error by denying
appellant her substantive rights to a presumption of innocence and a fair and impartial
tribunal.
          We affirm.
BACKGROUND
          Appellant worked at the Oriental Bathhouse. The Houston Police Department
sent Officer D. Nieto into appellant’s workplace to investigate it on suspicion of
prostitution. Officer Nieto posed as an ordinary citizen and entered the business
alone but wearing a recording device. To enter the property, Officer Nieto had to pay
sixty dollars and cross through floor to ceiling metal security gates. McLean let
Officer Nieto into the establishment, took his money, led him to a private room,
directed him to a shower, bathed him, and returned him to the private room. Officer
Nieto put his clothes back on and turned on the recording device; appellant reentered
the private room. Appellant and Officer Nieto negotiated the price for oral and
vaginal sex. Officer Nieto recorded this conversation with appellant and then phoned
the arrest team. While Officer Nieto waited for the arrest team, appellant undressed
and produced a condom. Once appellant suspected that the police had entered the
property, she re-dressed and hid the condom she had presented to Officer Nieto. 
Officer Nieto arrested McLean. When the arrest team searched the property, they
found $3,700 in appellant’s purse and unwrapped, unused condoms in a yogurt
container. Appellant was indicted on one count of prostitution.
          During voir dire at appellant’s trial, the trial court described the presumption
of innocence and other rights that defendants have during a criminal trial. The trial
court then stated:Solicitation of prostitution, folks, like it or not, in this state,
its illegal under State law. We have some folks that
believe that it should be legal and that’s your right to
believe that, but it’s not legal in Texas to have a
prostitution service. Bottom line. Simple question: If you
cannot in good faith enforce that State law making
prostitution illegal, I understand that. I just need to know
right now that you can’t do that job on this kind of case. So
if you just can’t do this job on this kind of case, let me
know now by a show of hands. Anybody? All right. A lot
of folks think that prostitution is a victimless crime. Let me
give you a hint. . . . We have had about 7,000 alleged
prostitutions in my court in 22 years [sic]. I will tell you
from this viewpoint up here, prostitution is not a victimless
offense. It affects families. It affects the people involved
in the prostitution itself. It has the potential of possibly
deadly STD’s 


 in your life. It is not a victimless crime. In
Texas, prostitution is against the law period. Can we agree
by a positive nod that you can enforce the law? Anybody
that cannot do that? All right. Good to see.          After these comments, the trial court described the role of jurors, stated that
jurors must apply the law regardless of their personal feelings on the general crime
of prostitution, and continued his voir dire. At the completion of the trial court’s voir
dire, appellant objected to the judge’s comments as inappropriate because they
“destroy[ed] the fundamental fairness of the jury process” and moved for a mistrial. 
The trial court overruled appellant’s objection and did not grant a mistrial. 
Appellant’s jury charge contained an accurate statement of the presumption of
innocence and the requirement to find a defendant guilty beyond a reasonable doubt. 
          McLean also filed a motion in limine asking for 15 different restrictions on
what could be said before or presented to the jury. The trial court granted 11 of the
requests but denied motions to: (1) prohibit all discussion of citizen complaints
against the Oriental Bathhouse; (2) keep all audio and video tapes out, because the
trial court found this to be moot; (3) keep all photographs and videotapes from being
shown to the jury; and (4) prevent the Oriental Bathhouse from being referred to as
a whorehouse or a house of prostitution.DISCUSSION
          In four issues, appellant argues that the trial court’s comments during voir dire
violated appellant’s due process rights to a presumption of innocence and to an
impartial arbiter by impermissibly conveying his opinion of the case to the venire
panel in a manner reasonably calculated to prejudice appellant’s rights to a
presumptions of innocence and a fair and impartial tribunal, thereby constituting
fundamental error, requiring reversal. 
          Specifically, appellant argues that the trial court’s comments that he had heard
“about 7,000 alleged prostitutions” in his court “in 22 years” and that “prostitution
is not a victimless offense” because it has “the potential of possibly deadly STD’s in
your life” tainted appellant’s presumption of innocence by associating her with the
other prostitution cases tried before the court. Appellant contends that these
comments conveyed the trial court’s opinion that appellant’s case was no different
from the seven thousand prostitution cases that preceded hers and that the judge’s use
of the phrase “from this viewpoint up here” improperly indicated his opinion of the
case to the jury. Appellant contends that these comments constituted reversible,
fundamental error.
          1.       Preservation of Error
           Rule 33.1 of the Texas Rules of Appellate Procedure requires that, in general,
for a complaining party to preserve an alleged error for appellate review, the record
must show that the party raised the issue with the trial court in a timely and specific
request, objection, or motion. Tex. R. App. P. 33.1(a); Griggs v. State, 213 S.W.3d
923, 927 (Tex. Crim. App. 2007). It is well established that nearly every right may
be waived when a party fails to object. See Saldano v. State, 70 S.W.3d 873, 887
(Tex. Crim. App. 2002). “To preserve error regarding improper voir dire questions,
a party must make a timely, specific objection at the earliest possible opportunity.” 
 Ross v. State, 154 S.W.3d 804, 807 (Tex. App.—Houston [14th Dist.] 2004, pet.
ref’d). An objection is timely when it is made at the earliest possible opportunity. 
Gillenwaters v. State, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006). However, Texas
Rule of Evidence 103(d) provides that, “In a criminal case, nothing in these rules
precludes taking notice of fundamental errors affecting substantial rights although
they were not brought to the attention of the court.” Tex. R. Evid. 103(d). Therefore,
as a threshold matter, we address whether appellant preserved error through an
objection in the trial court and, if not, whether the error was fundamental error
affecting a substantial right and thus required no objection.
          Here the trial court made the comments to which appellant objected
approximately half-way through the his voir dire, but appellant’s trial counsel did not
object to these comments until the completion of the judge’s voir dire. Between these
comments and appellant’s objection to them, the trial court discussed the pending voir
dire by the State and the defense, the offense of prostitution, the defense of
entrapment, the personal sensitivities of the jurors, the defenses to prostitution, and
the permissibility of convicting a defendant based on a single witness, and he
inquired whether the jurors knew anyone involved in the case and whether they would
be predisposed to believe or disbelieve testimony by a police officer. Only after the
trial court had discussed all of these issues did the defense object. 
          We conclude that, under these circumstances, appellant’s objection was not
timely. See Tex. R. App. P. 33.1(a); Ross, 154 S.W.3d at 807 (“To preserve error
regarding improper voir dire questions, a party must make a timely, specific objection
at the earliest possible opportunity.”) Therefore, error was not preserved unless the
error was fundamental so that no objection to the trial court’s comments was
necessary. See Tex. R. Evid. 103(d).2.Fundamental Error
          The applicable test for deciding whether a Texas court may address unassigned
error is set forth in Marin v. State, 851 S.W.2d 275, 279–80 (Tex. Crim. App. 1993),
overruled on other grounds, Cain v. State, 947 S.W.2d 262, 264 (Tex. Crim. App.
1997). See Brumit v. State, 206 S.W.3d 639, 644 (Tex. Crim. App. 2006); Sanchez
v. State, 120 S.W.3d 359, 365–66 (Tex. Crim. App. 2003). Marin identified three
types of rules: “(1) absolute requirements and prohibitions; (2) rights of litigants
which must be implemented by the system unless expressly waived; and (3) rights of
litigants which are to be implemented upon request.” Brumit, 206 S.W.3d at 644; 
Marin, 851 S.W.2d at 279–80. Of these three categories, only “violations of ‘rights
which are waivable only’ and denials of ‘absolute systemic requirements’” enable the 
appellate court to hear a complaint without a proper trial objection. Aldrich v. State,
104 S.W.3d 890, 895 (Tex. Crim. App. 2003); Saldano, 70 S.W.3d at 888; see also
Williams v. State, 273 S.W.3d 200, 220 (Tex. Crim. App. 2008) (stating that failing
to object at trial generally waives complaint for appeal) (citing Marin, 851 S.W.2d
at 279). Rights that must be implemented unless expressly waived include the “rights
to the assistance of counsel, the right to a trial by jury, and a right of appointed
counsel to have ten days of trial preparation. . . .” Aldrich, 104 S.W.3d at 895. 
“Absolute systemic requirements [that may not be waived] include jurisdiction of the
person [and] the subject matter, and a penal statute’s being in compliance with the
Separations of Powers Section of the state constitution.” Id. Violation of these non-waivable absolute systemic rights constitutes fundamental error. See Saldano, 70
S.W.3d at 887–88; Marin, 851 S.W.2d at 278 (stating, “Some rights are widely
considered so fundamental to the proper functioning of our adjudicatory process as
to enjoy special protection in the system. Tex. R. Crim. Evid. 103(d). A principle
characteristic of these rights is that they cannot be forfeited.”).
          It is an unresolved issue whether and when a trial court’s comments constitute
fundamental constitutional due process error that may be reviewed in the absence of
a proper objection. In Blue v. State, a plurality of the Texas Court of Criminal
Appeals held that a judge’s comments to the venire indicating that the judge would
have preferred for the defendant to plead guilty were fundamental constitutional error
that tainted the presumption of innocence and, therefore, required no objection to be
preserved for appeal. 41 S.W.3d 129, 132 (Tex. Crim. App. 2000). Subsequently,
in Jasper v. State, the Court of Criminal Appeals held that, even if it were bound to
follow the plurality opinion in Blue, the judge’s comments correcting defense
counsel’s misrepresentation of previously admitted testimony, showing irritation at
the defense attorney, and clearing up a point of confusion failed to rise to “such a
level as to bear on the presumption of innocence or vitiate the impartiality of the jury”
and therefore, were not fundamental error. 61 S.W.3d 413, 421 (Tex. Crim. App.
2001); see also Murchison v. State, 93 S.W.3d 239, 262 (Tex. App.—Houston [14th
Dist.] 2003, pet. ref’d) (stating that trial court may interject to correct misstatement
or misrepresentation of previously admitted testimony).
          Similarly, in Brumit, while recognizing that a plurality of the court had held in
Blue that the judge’s comments constituted fundamental error requiring no objection,
the Court of Criminal Appeals concluded that it did not need to reach that issue 
because the judge’s comment that an earlier case made him think that anybody who
ever harmed a child should be put to death did not reflect bias, partiality, or the failure
of the trial court to consider the full range of punishment, and thus did not violate due
process, when the comments were made after the judge had heard extensive evidence
of the defendant’s repeated sexual abuse of two children, the defendant had six prior
convictions for child sexual assault, and explicit evidence showed that the judge had
considered the full range of punishment in sentencing the defendant to life in prison.
206 S.W.3d at 644–45 (distinguishing Blue, 41 S.W.3d at 132). The court held,
“Due process requires a neutral and detached hearing body.” Id. at 645. However,
“[a]bsent a clear showing of bias, a trial court’s actions will be presumed to have been
correct.” Id.; see also Gordon v. State, 191 S.W.3d 721, 726–27 (Tex.
App.—Houston [14th Dist.] 2006, no pet.) (holding that when judge had not
commented on defendant’s guilt or innocence, his comments during voir dire that
criminal justice system treated everyone exactly alike and that defendant controlled
everything about system were comments on how criminal justice system operates and
did not constitute fundamental error); Davis v. State, 651 S.W.2d 787, 790 (Tex.
Crim. App. 1983) (holding that judge’s comment to veniremen that if jury did not
follow law under court’s instructions case would have to be tried again, although not
proper instruction, did not imply that defendant would be convicted, was not
reasonably calculated to benefit or prejudice defendant, and thus was not reversible
error).
          We conclude here, as the Court of Criminal Appeals did in Brumit and Jasper,
that it is unnecessary for us to decide whether a trial court’s comments that taint the
presumption of innocence or destroy fundamental fairness constitute fundamental
constitutional error that may be reviewed without a proper objection because the trial
judge’s comments in this case did not rise to “such a level as to bear on the
presumption of innocence or vitiate the impartiality of the jury.” See Jasper, 61
S.W.3d at 421.
          The trial court made his comments that he had had “about 7,000 alleged
prostitutions” in his court in 22 years, that, from his viewpoint, “prostitution is not
a victimless offense,” and that prostitution “has the potential for possibly deadly
STD’s in your life” while qualifying jurors during voir dire. The judge’s comments
occurred in the context of his explaining that many people do not believe that
prostitution should be a criminal offense, but that, regardless of their personal
feelings, jurors have to follow the law. In his voir dire of the venire panel, the judge
emphasized the importance of the presumption of the defendant’s innocence “until
and unless proven guilty by the prosecution,” and he explained to the venire panel the
requirement to find appellant guilty beyond a reasonable doubt and the meaning
associated with that term. After making the comments, the trial court granted all but
4 of appellant’s 15 requests in her motion in limine. Appellant’s jury charge
contained an appropriate statement on the presumption of innocence, the requirement
to find a person guilty beyond a reasonable doubt, an instruction that the criminal
information is not evidence of guilt, and instructions not to discuss the case with
people outside the jury panel. 
          This case is thus similar to Jasper, in which the Court of Criminal Appeals
refused to conclude that the judge’s interjections to correct the misrepresentation of
previously admitted testimony, expression of irritation at the defense attorney, and
comments aimed at clearing up a point of confusion rose “to such a level as to bear
on the presumption of innocence or vitiate the impartiality of the jury.” 61 S.W.3d
at 421. It is also similar to Brumit, in which the Court of Criminal Appeals held that
the judge’s comments that an earlier case made him think that anybody who ever
harmed a child should be put to death did not reflect bias, partiality, or the failure of
the trial court to consider the full range of punishment under the circumstances of the
case. 206 S.W.3d at 644–45. By contrast, it is wholly unlike Blue, in which a
plurality of the Court of Criminal Appeals held that the judge’s comment to the jury
that he would have preferred that the defendant plead guilty, made after the trial judge
indicated that the defendant was considering entering into plea agreement, “vitiated
the presumption of innocence” before the venire, adversely affecting the defendant’s
right to a fair trial, and thus constituted fundamental constitutional error, requiring
a new trial. 41 S.W.3d at 132. 
          The trial court’s comments here are also unlike appellate court cases finding
violations of article 38.05 of the Texas Code of Criminal Procedure, which prohibits
a judge from making “any remark calculated to convey to the jury his opinion of the
case.” Tex. Code Crim. Proc. Ann. art. 38.05 (Vernon 2009); see Clark v. State,
878 S.W.2d 224, 225–27 (Tex. App.—Dallas 1994, no pet.) (holding that judge’s
statement during voir dire that allegations of enhancement “mean, that [the defendant]
has been previously convicted on two occasions of felony offenses” was reasonably
calculated to benefit State by “alert[ing] the venire to the court’s opinion on a fact
issue raised by the evidence that the allegations contained in the enhancement
paragraphs actually meant that appellant had been convicted of those felonies,”
thereby lessening State’s burden of proof regarding enhancement paragraphs,
prejudicing defendant’s presumption of innocence, and violating article 38.05); Devis
v. State, 18 S.W.3d 777, 782 (Tex. App.—San Antonio 2000, no pet.) (holding that
judge’s comment concerning giving appellant probation for murder violated article
38.05); Jones v. State, 788 S.W.2d, 834, 836 (Tex. App.—Dallas 1990, no pet.)
(holding that judge’s comments to jury in explaining decision to suspend jury
deliberations for evening because, even if deliberations were to continue, jury
members would have to return on following day for second punishment phase were
reversible error under article 38.05 because they impermissibly conveyed judge’s
opinion to jury that he believed guilty verdict would or should be forthcoming).
          We overrule appellant’s first, second, third, and fourth issues.
CONCLUSION
          We affirm the judgment of the trial court.






                                                             Evelyn V. Keyes
                                                             Justice

Panel consists of Justices Keyes, Alcala, and Hanks.
Publish. Tex. R. App. P. 47.2(b).