

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-12-00375-CR

---

JOHN L. SCOTT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 61,269-E, Honorable Leland W. Waters, Presiding

---

August 26, 2013

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, John L. Scott, appeals his convictions for two counts of assault on a public servant,[1] and resulting sentences of fifteen years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. By his appeal, appellant contends that he was denied his Sixth Amendment right to trial by an impartial jury because the trial court improperly granted challenges for cause raised by the State and,

---

[1] See TEX. PENAL CODE ANN. § 22.01(a), (b)(1) (West 2011).

as a consequence, the jury that sat in his criminal trial was biased and prejudiced. We will affirm.

Appellant contends that the State asked the jury panel a number of commitment questions during voir dire, and then used the responses of the potential jurors to those questions as bases to challenge the potential jurors for cause. "Commitment questions are those that commit a prospective juror to resolve, or to refrain from resolving, an issue a certain way after learning a particular fact." Standefer v. State, 59 S.W.3d 177, 179 (Tex.Crim.App. 2001). Except when the law requires the commitment,[2] a commitment question is "invariably improper." Id. at 181.

However, generally, for a complaining party to preserve error for appellate review, the record must reflect that the party raised the issue with the trial court in a timely and specific request, objection, or motion. TEX. R. APP. P. 33.1(a); Griggs v. State, 213 S.W.3d 923, 927 (Tex.Crim.App. 2007). Contentions that the State engaged in improper voir dire questioning generally do not present us with fundamental error such that we can review the issue presented when it was not raised in the trial court; to preserve error regarding improper voir dire questions, a party must make a timely, specific objection at the earliest possible opportunity. Huff v. State, No. 07-10-00174-CR, 2010 Tex. App. LEXIS 9424, at *4 (Tex.App.—Amarillo Nov. 29, 2010, no pet.) (citing Penry v. State, 903 S.W.2d 715, 741, 764 (Tex.Crim.App. 1995), and Ross v.

---

[2] A question committing a juror to consider the full range of punishment for a particular offense may meet the definition of a commitment question, but is nevertheless proper because the law requires prospective jurors to commit to considering the full range of punishment for a particular offense. See id.at 181 (citing Briddle v. State, 742 S.W.2d 379, 384 (Tex.Crim.App. 1987), and Wyle v. State, 777 S.W.2d 709, 716-17 (Tex.Crim.App. 1989)).

<u>State</u>, 154 S.W.3d 804, 807 (Tex.App.—Houston [14th Dist.] 2004, pet. ref'd)). The failure to timely object to improper commitment questions waives error. <u>See</u> <u>Halprin v. State</u>, 170 S.W.3d 111, 119 (Tex.Crim.App. 2005); <u>Phillips v. State</u>, No. 05-08-01654-CR, 2010 Tex.App. LEXIS 453, at *3 (Tex.App.—Dallas Jan. 27, 2010, pet. ref'd).

In the present case, appellant made no objection to any of the State's voir dire questioning. Consequently, appellant waived any claim of error based on the State asking commitment questions of the jury panel. Because appellant's contentions that he was denied an impartial jury and that his jury was biased and prejudiced are predicated on his contention that the State asked the jury panel improper commitment questions, an issue which he failed to preserve, we overrule both of appellant's issues.

We affirm the judgment of the trial court.

Per curiam

Do not publish.