

# NUMBER 13-24-00080-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CHRISTOPHER JAMES HERNANDEZ,                                    Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

## ON APPEAL FROM THE 277TH DISTRICT COURT
## OF WILLIAMSON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca**
**Memorandum Opinion by Chief Justice Tijerina**

Appellant Christopher James Hernandez was convicted of the third-degree felony offense of possession of methamphetamine, a controlled substance in an amount of more than one gram but less than four grams, and was sentenced to twenty-five years'

confinement.[1] *See* TEX. HEALTH & SAFETY CODE. ANN. § 481.115(c). By three issues, appellant contends the evidence is insufficient to support his conviction, the trial court improperly overruled his objection to the admission of evidence, and the trial court "erred in allowing only one witness to testify regarding the forensic testing of the alleged methamphetamine found near [a]ppellant when the evidence tended to show that more than one 'scientist' worked on testing" the drug. We affirm.[2]

## I.     SUFFICIENCY OF THE EVIDENCE

By his first issue, appellant contends that the evidence is insufficient to support a finding that he had control, management, or care over the methamphetamine and that he knew that the substance was contraband.

## A.     Standard of Review and Applicable Law

In a sufficiency review, we consider all the evidence in the light most favorable to the verdict and determine whether any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt based on the evidence and reasonable inferences from that evidence. *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014); *Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.). Sufficient evidence exists if "the inferences necessary to establish guilt are reasonably based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict." *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). The

---

[1] Appellant's sentence was enhanced pursuant to the habitual felony offender statute. *See* TEX. PENAL CODE ANN. § 12.42. The record shows that the trial court sentenced appellant to twenty-five years' confinement pursuant to a plea agreement and appellant's pleas of "true" to two enhancement paragraphs.

[2] This appeal was transferred to this Court from the Third Court of Appeals pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

2

fact finder is the exclusive judge of the facts, the credibility of witnesses, and the weight to be given to their testimony. *Brooks*, 323 S.W.3d at 899.

We measure the sufficiency of the evidence in reference to the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). "Such a charge [is] one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal*, 286 S.W.3d at 327 (quoting *Malik*, 953 S.W.2d at 240). The "law as authorized by the indictment" includes the statutory elements of the offense "as modified by the indictment." *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000).

Here, the State had to prove that appellant was in control of, had management of, or care over the substance and knew that the substance he possessed was contraband. *See Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). If a defendant is not in exclusive possession of the place where the contraband is found, the State must show additional affirmative links connecting the defendant to the contraband. *Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

## B. Discussion

Appellant argues the evidence is insufficient to prove he had control of, management of, or care over the methamphetamine because he did not exercise exclusive control over the sidewalk where the methamphetamine was found. *See id.*

Kyle Sandford, a sergeant with the Georgetown Police Department, testified that, while he was stuck in traffic, he observed appellant walking on the sidewalk and thought that appellant threw something at his car. Sergeant Sandford confronted appellant who admitted he was trying to get Sergeant Sandford's attention. Sergeant Sandford stated that as appellant walked toward his vehicle, he witnessed appellant "dropping things out" of his pockets onto the ground. The trial court admitted a video showing appellant removing items from his pockets and placing them on the ground. Sergeant Sandford stated that another officer collected the items, which were two plastic bags, one containing a white powdery residue later determined to contain 3.82 grams of methamphetamine and another bag containing a digital scale and zip lock bags.

The evidence presented clearly shows that appellant had exclusive control, management, and care over the methamphetamine because it was in his pocket, and he threw it on the ground. *See Poindexter*, 153 S.W.3d at 405. Therefore, no further showing of affirmative links was necessary. *See id.*; *see also Evans v. State*, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006) ("However, presence or proximity, when combined with other evidence, either direct or circumstantial (e.g., 'links'), may well be sufficient to establish that element beyond a reasonable doubt.").

Next, appellant argues that there is insufficient evidence to show that he knew that the methamphetamine he possessed was contraband. The jury could have reasonably inferred that appellant's attempt to distance himself from the substance by taking it out of his pocket and then throwing it on the ground showed a consciousness of guilt. *See Whatley*, 445 S.W.3d at 166; *Brooks*, 323 S.W.3d at 898–99; *see also Guevara v. State*,

4

152 S.W.3d 45, 50 (Tex. Crim. App. 2004) (attempting to conceal incriminating evidence shows a consciousness of guilt); *Ross v. State*, 154 S.W.3d 804, 812 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) ("A defendant's conduct after the commission of a crime which indicates a 'consciousness of guilt' is admissible to prove that he committed the offense."). Moreover, Sergeant Sandford testified that users of methamphetamine utilize scales to ensure the correct amount of the substance has been purchased, from which the jury could have inferred that appellant possessed the scale to weigh the methamphetamine. *See Evans*, 202 S.W.3d at 162 n.12 (noting that possessing drug paraphernalia links a person to the controlled substance). Finally, the jury could have believed evidence that appellant appeared to be under the influence of methamphetamine due to his rapid speech, mood swings, "excessive strength, not feel[ing] any pain, excessive sweating," and dilated pupils.[3] Viewing the evidence in the light most favorable to the jury's verdict, we conclude a rational fact finder could have found from the evidence and reasonable inferences therefrom that appellant knew that he possessed a controlled substance beyond a reasonable doubt. *Whatley*, 445 S.W.3d at 166; *Brooks*, 323 S.W.3d at 898–99. We overrule appellant's first issue.

## II.    RULE 403

By his second issue, appellant contends the trial court should have granted his Rule 403 objection to the State's witness who "made reference to the presumptive test finding the alleged controlled substance to be methamphetamine."

---

[3] On cross-examination, Officer Ruben Bradley, who was involved in appellant's apprehension and arrest, testified that he "thought" appellant was under the influence because appellant "had a relatively high tolerance to pain" and was not "compliant with the pain compliances techniques" utilized by the officers.

## A. Pertinent Facts

When the State published a video of Officer Bradley's body camera, Officer Bradley explained that the video showed that the officers had used a field test to determine the contents of the bag. Officer Bradley explained the testing process, and he testified, without objection, that the field test indicated that the substance appellant possessed was presumptively positive for methamphetamine.

The State offered State's Exhibit 10, which is a picture of Officer Bradley handing the field test to another officer, State's Exhibit 11, which "is a photograph of the presumptively positive test that [another officer] is holding up"; and State's Exhibit 12, which is a picture "from [another officer's] body camera showing that he's holding the test up to his body camera to show the positive results of the test." Appellant objected to "these presumptively positive tests" on the basis they were not relevant because "[o]nly forensic tests are reliable and admissible." The trial court asked, "So your argument is they're not relevant?" Appellant replied, "Yes, or lack of foundation as to the actual nature of that substance without it being forensically tested." The trial court overruled appellant's relevance and lack of foundation objections. Officer Bradley continued his testimony, and again said, without objection, that State's Exhibit 11 shows another officer "showing a presumptively positive test for methamphetamine."[4]

---

[4] Richard Augustus Garcia, the forensic scientist that conducted forensic testing on the substance appellant possessed, testified, without objection, that he had also conducted "a presumptive test" of the substance. Garcia stated that "the results of the color tests indicated that the sample could contain methamphetamine."

**B.    Discussion**

At trial, appellant only objected to the complained-of evidence because there was a lack of foundation, and it was not relevant or reliable. Rule 403 states, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403. Appellant did not object to the evidence on the basis that it violated Rule 403. *See Lopez v. State*, 200 S.W.3d 246, 251 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) ("A rule 403 objection is not implicitly contained in relevancy or 404(b) objections; rather, a specific rule 403 objection must be raised to preserve error." (citing *Montgomery v. State*, 810 S.W.2d 372, 388 (Tex. Crim. App. 1990))). Therefore, this issue is not preserved. *See* TEX. R. APP. P. 33.1. We overrule appellant's second issue.

### III.    CONFRONTATION CLAUSE

By his third issue, appellant complains that the trial court violated the confrontation clause and the Sixth Amendment by not requiring Daniel Hauser, a scientist who reviewed the forensic scientist's report, to testify.

**A.    Pertinent Facts**

Richard Augustus Garcia, the forensic scientist with the Texas Department of Public Safety Crime Lab in Garland, Texas who tested the substance, testified that after he completed the testing on an instrument called a "gas chromatograph-mas spectrometer," he wrote a report, which Hauser then reviewed to ensure that he followed the necessary and appropriate steps as per the department's standard internal rules and

7

procedures. Garcia explained that after he writes a report, another analyst, Hauser in this case, "look[s] at [his] report" to ensure that "the information on the submission form was inputted into" the "management system information . . . correctly, that [his] worksheet doesn't have any typos, that the math [he] did to get the net weight was consistent," and that his data and conclusion is correct"

The State offered Garcia's report, and appellant objected on the basis that "[a] forensic analysis laboratory report prepared for use in a criminal prosecution is testimonial evidence subject to the demands of the Sixth Amendment confrontation clause as set forth in *Crawford v. Washington*." 541 U.S. 36, 68–69 (2004). Appellant argued, "We've already heard evidence from this witness that there's been at least one other analyst that's involved in the review of this report. And so therefore, the defendant has the opportunity and entitlement to cross-examine and confront that witness." After taking Garcia on voir dire, appellant reiterated his objection stating, "[T]here's two analysts that are involved in this case, to me, that's exactly what [the case law] require[s that] . . . the State to produce those witnesses." The trial court overruled appellant's objection.

## B.    Discussion

In *Crawford*, the trial court admitted a witness's "testimonial statement against petitioner, despite the fact that he had no opportunity to cross-examine her." *Id.* at 68. Thus, the *Crawford* Court held "[t]hat alone is sufficient to make out a violation of the Sixth Amendment" because "[w]here testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." *Id.* at 68–69. Here, appellant was allowed to cross-examine

8

and confront Garcia, the person who testified against him, performed the forensic testing, and wrote the objected-to report. *See id.*

Appellant also cites *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 307 (2009). In that case, the trial court "admitted into evidence affidavits reporting the results of forensic analysis which showed that material seized by the police and connected to the defendant was cocaine." *Id.* However, the authors of the reports did not testify. *Id.* The *Melendez-Diaz* court stated that the person who wrote the report should have to testify because the affidavits were testimonial. *Id.* at 310. Here, Garcia, the person who wrote the report, testified, and his report was not admitted without his testimony. *See id.* Thus, *Melendez-Diaz* does not support appellant's argument. *See id.* Moreover, nothing in either of these cases supports a conclusion that the trial court was required to make the State call Hauser, who merely reviewed Garcia's work, to testify. We overrule appellant's third issue.

## IV.    CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
13th day of February, 2025.

9