**Opinion filed September 30, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00374-CR

_____

## HOWARD LARSON WAMPLER, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 90th District Court**
**Stephens County, Texas**
**Trial Court Cause No. F33837**

### O P I N I O N

The jury found Howard Larson Wampler, Jr. guilty of the second-degree felony offense of indecency with a child by contact and found one enhancement "true." TEX. PENAL CODE ANN. § 21.11(a)(1), (d) (West 2011). The jury assessed his punishment at confinement for life. *See* PENAL § 12.42(c)(2) (West Supp. 2014). The trial court sentenced him accordingly. Appellant asserts two issues on appeal. We affirm.

## I. *Background Facts*

Appellant does not challenge the sufficiency of the evidence, so we only outline those facts relevant to his appeal. At the end of the State's voir dire, the prosecutor began an explanation of the goals of the criminal justice system. She explained the following:

> Okay. I like to ask juries this: It's a philosophical question, and there's no right or wrong answer. And this is the last question I'm going to ask you and then I'll let [defense counsel] talk to you. I'm sorry if I've been long-winded. This is an important case.
>
> I'm going to go row by row, and I just want you to think about it, but in our system, with our criminal justice system, a lot of people think that punishment is a better goal than rehabilitation. Some people think that you're likely to deter or prevent crime if you have high penalties and do punishment for the people that commit these crimes. A lot of people on the other hand think that rehabilitation is the way to go; that if you focus on the offender, on the defendants in these cases, and provide them help that that is more likely to prevent crime than the punishment regime.

At the end of this explanation, the State asked this question:

> So I'm going to go through and which way do you lean. And not middle ground, but are you more of a punishment, do you believe more in the punishment theory, or more in the rehabilitation theory?

The State asked five veniremen this question, and all five answered. The sixth venireman, however, stated that he could not answer the question without first hearing the case. When the State pressed the venireman for an answer, Appellant objected to the question and claimed it was an impermissible commitment question. The trial court overruled Appellant's objection and then instructed the State to move on if the venireman did not have a clear viewpoint.

## II. *Analysis*

Appellant contends that the trial court abused its discretion when it overruled his objection to the State's question because the question (1) was an improper commitment question and (2) was calculated to appeal to community prejudice. A trial court has wide discretion in its control of voir dire. *Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002); *Shipley v. State*, 790 S.W.2d 604, 608 (Tex. Crim. App. 1990). We review the ruling of the trial court on an allegedly improper commitment question during voir dire for an abuse of discretion. *Standefer v. State*, 59 S.W.3d 177, 179 (Tex. Crim. App. 2001); *Atkins v. State*, 951 S.W.2d 787, 790 (Tex. Crim. App. 1997).

### A. *Issue One: Commitment Question*

"[L]itigants are given 'broader latitude' . . . to inquire 'into a prospective juror's general philosophical outlook on the justice system'" when they conduct voir dire. *Vrba v. State*, 151 S.W.3d 676, 678 (Tex. App.—Waco 2004, pet. ref'd) (quoting *Sells v. State*, 121 S.W.3d 748, 756 n.22 (Tex. Crim. App. 2003)). A question is proper if it seeks to discover a juror's views on an issue applicable to the case. *Shipley*, 790 S.W.2d at 608. But litigants may not ask commitment questions. *Standefer*, 59 S.W.3d at 179. A commitment question is a voir dire question that seeks to "commit a prospective juror to resolve, or to refrain from resolving, an issue a certain way after learning a particular fact." *Id.*

A party must make a timely, specific objection at the earliest possible opportunity in order to preserve error that a voir dire question was improper. *Ross v. State*, 154 S.W.3d 804, 807 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd); *accord Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). If one venireman answered an allegedly improper question, and the defendant failed to object, then the defendant's argument is waived. *See Montgomery v. State*, 198

S.W.3d 67, 74 (Tex. App.—Fort Worth 2006, pet. ref'd). In addition, if a party asks an improper commitment question, that error may be waived if a timely objection is not made. *See Phillips v. State*, No. 05-08-01654-CR, 2010 WL 297942, at *1 (Tex. App.—Dallas Jan. 27, 2010, pet. ref'd) (not designated for publication) (determining that the error was not a fundamental error); *see also Scott v. State*, No. 07-12-00375-CR, 2013 WL 4528821, at *1 (Tex. App.—Amarillo Aug. 26, 2013, no pet.) (mem. op., not designated for publication). Here, five veniremen answered the allegedly improper question before Appellant objected. Thus, Appellant failed to timely object, and he has waived this complaint on appeal. *See* TEX. R. APP. P. 33.1(a); *Montgomery*, 198 S.W.3d at 74; *Ross*, 154 S.W.3d at 807. We overrule Appellant's first issue.

*B. Issue Two: Fundamental Error - Community Prejudice*

Appellant contends that the State's commitment question also was improper because it "was calculated to appeal to community prejudice which could only be satisfied by a finding of guilt." Appellant argues the "rehabilitation versus punishment" question constituted fundamental error because rehabilitation was not an option in this case. In addition, Appellant argues that the question impermissibly undermined his constitutionally protected presumption of innocence. Contentions that the State asked an improper question in voir dire, as we previously explained, require a timely objection from the defendant to preserve error. *See Scott*, 2013 WL 4528821, at *1; *Huff v. State*, No. 07-10-00174-CR, 2010 WL 4828491, at *2 (Tex. App.—Amarillo Nov. 29, 2010, no pet.) (mem. op., not designated for publication). Appellant cites no case that held that a voir dire question appealing to community prejudice constituted fundamental error, and this court has not found one. We have found several cases that hold that appeals to community prejudice, in closing arguments before a jury, are waived if the defendant does not timely object to the

improper argument.  *See, e.g.*, *Trevino v. State*, No. 09-13-00075-CR, 2014 WL 5370663, at \*7–8 (Tex. App.—Beaumont Oct. 22, 2014, pet. ref'd) (mem. op.); *Garcia v. State*, No. 04-96-00982-CR, 1997 WL 731969, at \*1–2 (Tex. App.—San Antonio Nov. 26, 1997, pet. ref'd) (not designated for publication).  Appellant failed to timely object to the State's question.  We disagree with Appellant's assertion that the State's question affected the presumption of innocence, and we cannot hold that the trial court committed fundamental error when it permitted the prosecutor to ask the complained-of question during voir dire.  We overrule Appellant's second issue.

## III. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


September 30, 2015

Publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.