**Affirmed and Memorandum Opinion filed December 22, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00827-CR

---

### DERRICK LEE GIBSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 1588769**

---

## M E M O R A N D U M   O P I N I O N

Appellant Derrick Lee Gibson appeals a judgment of conviction for attempted sexual assault. He raises two related issues, both stemming from the trial judge's statements during voir dire. Appellant contends the trial judge's comments (1) deprived him of due process and a fair trial and (2) violated Texas Code of Criminal Procedure article 38.05. For the reasons explained below, we affirm the judgment. Because all issues are settled in law, we issue this memorandum opinion. *See* Tex. R. App. P. 47.4.

## Background

A grand jury charged appellant with attempted sexual assault, with two prior enhancing offenses. After appellant pleaded not guilty, the attempted sexual assault charge was consolidated with a separately indicted robbery charge arising from the same facts.

Appellant's complaints arise from the trial judge's statements during voir dire. Thus, we confine our background summary to the relevant voir dire proceedings and only briefly address the facts of the offense established during appellant's trial.

On an early morning in December 2015, T.B., the complainant, saw appellant leaving the entrance of Tidwell Park's jogging trail as she entered it. He greeted her and introduced himself as "Chris," but she did not reply because she had never seen him before. She saw him again on the trail an hour later as she was returning to the trail's entrance. She was concerned when she saw him again, because he was waiting in the middle of the trail in a secluded area and no one was nearby. According to T.B., when appellant saw her, he approached her "focused, like he was walking with a purpose." Once he was closer, he grabbed her shoulder and caught her shirt. T.B. told appellant to "get away" and exclaimed, "Why are you grabbing me?" He replied, "[G]ive me some ass."

T.B. became fearful and tried to run toward the park and other people. Appellant grabbed T.B. and pulled her leggings from behind, exposing her "bottom." T.B. decided she must "fight him" because she could not make it to others in the park. Using her cell phone, she struck appellant in the face to get away. He hit back, knocking off her glasses. He continued to "fight and tug" at T.B.'s clothing as he dragged her toward the woods. T.B. kept resisting, fearing that if she entered the woods, she might not "come out alive." During the struggle, T.B. pulled off

2

appellant's jacket,[1] but she eventually slipped and fell on her back. T.B. believed that appellant would try to rape her because he was pulling at her clothes and said "give me some ass." Appellant tried to get on top of her while she was lying on her back, but she "was able to kick him over" using a "wrestling" move, and he fell to the ground behind her. Appellant ran away, and T.B. alerted people in the park, who called the police. She later discovered that appellant had taken her cell phone. She identified appellant as her assailant both in a photo array line-up and at trial.

During voir dire, the trial judge explained how indictments work. She emphasized to the venire panel that an indictment does not equate with guilt. She ensured that none of the panel members would presume that appellant was guilty simply because he had been indicted. She then read both indictments aloud. Before and after reading the indictments, she explained that the State always bears the burden of proof beyond a reasonable doubt, and thus neither the venire members nor the judge knew whether appellant was guilty because they had not yet heard any evidence. She explained how to identify what the judge referred to as the "elements" of an offense and that the State must prove "each and every single element of each of these indictments beyond a reasonable doubt." If the State failed to do so, the judge explained, jurors "must find the defendant not guilty." The judge stated that "each of these elements can be proved by just one witness, or it could take two witnesses or ten witnesses for the State to prove each of these elements."

The trial judge gave examples of evidence that tracked the allegations in the indictments. For example, the trial court explained:

> [O]ne of the elements is somebody's going to have to come in here and identify this man as Derrick Gibson. Some witness is going to have

---

[1] Appellant's DNA was consistent with DNA found on a jacket recovered from the scene.

3

come in here and tell us that this incident or these incidents happened in Harris County, Texas. . . .

Somebody is going to have to come in here and tell us that these two incidents happened on or about December 17th, 2015. So that was what, four years ago. Somebody by the name of -- with the initials of T.B. is going to have to come in here and testify and tell us what her name is. And the initials better be T.B. This person that comes in here is going to have to come in here and tell us that this man, Mr. Gibson, attempted to take some property from her, that belonged to her, and/or did make off with that property that belonged to her without her consent.

And that during the course of Mr. Gibson taking that property from this person, T.B., that she sustained some bodily injury. In other words, that she was hurt somehow. It could be by being pushed, it could be by being shoved, it could be by being hit, but that she sustained some kind of bodily injury.

So I count five elements. If they proved those five elements on the robbery, then you must find the defendant guilty. If they fail to prove one of the five, then you must find the defendant not guilty.

Now, with respect to the attempted sexual assault, same thing. Somebody's got to identify this man as Derrick Gibson. Somebody's got to testify that it happened in Harris County, Texas. Someone's got to testify that it happened on the same day, December 17, 2015. Again, someone is going to have to come in here and identify themselves as T.B. This person, T.B., is going to have to come in here and testify that the defendant struck her with his hand somewhere on her person and that he was pulling down her pants. Does it mean that her pants have to be all the way down to her ankles? No, but there has to be some testimony from her that he was pulling it down and that the intent was to commit a sexual assault. So that's what those -- that's what that girl will have to tell us.

So again, what, six elements. If there's six elements, they have to prove six elements. It's not the kind of things, folks, like you go back to the jury room, you are in your deliberations and somebody goes well, wait a minute, you know what, I don't remember the prosecutor asking if it happened in Harris County, Texas. And then another juror going well, wait a minute, I mean, well, they said that it happened in the 5500-block

4

of Westheimer, I mean, everybody knows that's the Galleria, duh, I mean, that's just a stupid technicality.

No, no, no, no, no. If that's what's alleged, they have got to prove that. If they don't prove that, then you must find the defendant not guilty.

The judge inquired whether that "made sense," and the venire panel unanimously agreed that it did. (She later explained that the burden of proof as to each of the indictment's allegations never shifted to the defense, who "never has to do anything but sit here.")

The judge instructed the venire panel that each witness starts at a "level playing field," and she identified a few panel members potentially biased in favor of law enforcement. She explained the "one-witness rule" in this manner: "In this state, if there is only one witness and the jury believes that witness beyond a reasonable doubt, then a person could be found guilty and they could be convicted." She later clarified: "I need to know is there anybody here that would have to have at least two people that saw the same thing before they could convict a person if the State proved all of the elements beyond a reasonable doubt?" The trial judge identified several potential jurors who could not follow this rule, with whom the State followed up during its voir dire.

Throughout voir dire, the judge repeatedly emphasized that appellant is presumed innocent, calling the presumption "[v]ery, very, very, very, very important" and committing venire members to hold appellant "in a bubble of innocence because you haven't heard anything." She queried the venire panel, "If I asked you is Mr. Gibson guilty right now of these two offenses, you would have to tell me he is what?" The panel unanimously replied, "Not guilty."

The judge explained that jurors must apply the law as set forth in the jury instructions to the evidence presented. She queried the panel whether anyone would "hold it against him and presume he is guilty because he's exercising his

constitutional right" to not testify. The judge then discussed the punishment phase of trial, explaining the punishment range for each charged offense and discussing the possibility of enhanced punishment ranges for repeat offenders. She asked the potential jurors whether they could consider the full punishment range and identified several jurors who might be unable to do so. She finished her voir dire of the panel by explaining how long she anticipated trial would take. She identified several venire members who expressed potential conflicts, such as travel, doctor's appointments, or religious holidays.

The judge provided both the State's and appellant's counsel with the same amount of time—thirty minutes each—to conduct their own voir dire. During the State's voir dire, the prosecutor followed up with several venire members who had expressed concerns with the one-witness rule. The prosecutor asked the venire members, "If you believed the testimony of that one witness, believe that I have proven all of my elements beyond a reasonable doubt through that one witness, would you be able to render a guilty verdict?" The prosecutor challenged several venire members for cause because they could not convict under this rule.[2] After the parties completed voir dire, the jury was sworn and seated without objection.

After hearing the evidence, the jury found appellant not guilty of robbery, but guilty of attempted sexual assault. The State abandoned one of the enhancing offenses, and the jury found the other enhancement true and assessed appellant's punishment at eighteen years' incarceration in the Texas Department of Criminal Justice, Institutional Division, and a $5,000 fine. Appellant timely appealed.

---

[2] The State additionally challenged for cause a juror who indicated that she "probably already ha[s] him convicted" before she heard any testimony.

**Analysis**

**A.       Due Process Complaint**

In his first issue, appellant contends the trial judge's actions deprived him of due process and a fair trial because she endorsed the State's evidence and misstated the law.  Appellant points to the following specific issues and statements:

•    The judge's voir dire was "protracted" and exceeded any allowable intervention into voir dire for clarification purposes.

• After reading the indictments, the judge stated:  "That means that one of these ladies has to ask that question:  Well, did this occur in Harris County.  Because if they don't ask that question, they haven't proved that element."

• "Someone is going to have to come in here and identify themselves as T.B."

• T.B. must "testify that the defendant struck her with his hand somewhere on her person and that he was pulling down her pants."  "Does it mean that her pants have to be all the way down to her ankles?  No, but there has to be some testimony from her that he was pulling it down and that the intent was to commit a sexual assault."

• "We have another rule that we call the one-witness rule.  So what that means is this, is that here in Texas -- again, we're unique for a lot of reasons.  In this state, if there is only one witness that -- to an offense, but a jury believes that witness beyond a reasonable doubt, then a person can be found guilty and convicted.  We have a state nearby that that prosecutor's office will not take charges unless two people saw the same thing.

[Judge describes hypothetical crime with only one witness, and that witness is the only witness to testify at trial.]

And at some point, the State will say Judge, we rest.  And [the defendant], he can sit here and not do anything and his lawyer can say Judge, we rest.  Next order of business, the Judge reads you the law, you-all go back to the jury room, and you decide whether you believe what [the witness] said and that [the defendant] is the person that robbed [the witness] or not.  All right?  That's how it works.  In this state, if there is only one witness and the jury believes that witness beyond a reasonable doubt, then a person could be found guilty and they could be convicted.

7

So with all of that, I need to know is there anybody here that would have to have at least two people that saw the same thing before they could convict a person if the State proved all of the elements beyond a reasonable doubt?

. . .

All right. So -- let me back up here. Let me back up. I know that we all want to have at least two witnesses. I get that, but that's not the law. The law is if there is only one person but you believe that one person's testimony beyond a reasonable doubt and all the other evidence supports what that witness says, can you convict that person?"

The State first challenges preservation of error. As appellant acknowledges, he did not object to the judge's comments. *See* Tex. R. App. P. 33.1(a); *Unkart v. State*, 400 S.W.3d 94, 99 (Tex. Crim. App. 2013) (explaining that ordinarily complaint regarding improper judicial comment must be preserved at trial). Relying on *Proenza v. State*, 541 S.W.3d 786 (Tex. Crim. App. 2017), appellant contends no objection was necessary to raise his complaints on appeal. The *Proenza* court examined whether a complaint regarding a violation of Texas Code of Criminal Procedure article 38.05, which "prohibits a trial judge from commenting on the weight of the evidence in criminal proceedings or otherwise divulging to the jury [the judge's] opinion of the case," must be preserved in the trial court to be considered on the merits on appeal. *Id.* at 791. The court held that such a statutory complaint, being at least a category-two, waiver-only *Marin* right,[3] was not forfeited by a failure to object and may be raised for the first time on appeal. *Proenza*, 541 S.W.3d at 801.

*Proenza* was concerned with an alleged violation of article 38.05. Only appellant's second issue asserts such a violation; his first issue does not. Regardless, we presume without deciding that appellant's first issue did not need to be preserved

---

[3] *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993).

8

in the trial court to be raised on appeal.  *See, e.g.*, *Scott v. State*, 555 S.W.3d 116, 124 n.4 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd); *Loge v. State*, 550 S.W.3d 366, 378 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *see also Unkart*, 400 S.W.3d at 99-101 (addressing merits of challenge to court's voir dire comments without definitively stating that no preservation required).

1.    *Applicable Law*

Due process requires a neutral and detached judge.  *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973)).  A judge should not act as an advocate or an adversary for any party. *Dockstader v. State*, 233 S.W.3d 98, 108 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd).  To reverse a judgment due to a judge's improper conduct or comments, we must find that (1) judicial impropriety was in fact committed and (2) probable prejudice to the complaining party resulted.  *Luu v. State*, 440 S.W.3d 123, 128-29 (Tex. App.—Houston [14th Dist.] 2013, no pet.).  We review the entire record to determine this issue.  *See id.*  However, absent a clear showing to the contrary, we generally presume that the trial court was neutral and impartial.  *See Roman v. State*, 145 S.W.3d 316, 319 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd).

2.    *Application*

As we explain, we conclude that the statements at issue do not constitute error in that they did not deprive appellant of due process or a fair trial, as alleged.

We begin with appellant's assertion that the length of the judge's questioning—he claims it was twice the duration of the State's and the defense's voir dire combined—deprived him of a fair trial.  A trial court "has broad discretion in the manner it chooses to conduct voir dire, both as to the topics that will be addressed, and the form and substance of the questions that will be employed to

address them." *Jacobs v. State*, 560 S.W.3d 205, 210-11 (Tex. Crim. App. 2018) (footnotes omitted); *see also Palacio v. State*, 580 S.W.3d 447, 450 (Tex. App.—Houston [14th Dist.] 2019, pet. ref'd) ("The trial court has broad discretion over the jury-selection process."); *Woodall v. State*, 350 S.W.3d 691, 695 (Tex. App.—Amarillo 2011, no pet.) (explaining that "a trial judge has inherent authority to question prospective jurors regarding their qualifications and ability to serve as fair and impartial jurors"). Appellant does not complain, for example, that he was given insufficient time to conduct his own voir dire. *See, e.g.*, *Wappler v. State*, 183 S.W.3d 765, 772-76 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (en banc) (concluding that trial court improperly limited length of defendant's voir dire). Appellant has not explained how the allegedly "protracted" duration of the judge's voir dire negatively impacted his right to a fair trial, and we see nothing in its mere length to indicate otherwise.

Appellant next contends that the trial judge "improperly committed the jury venire to the facts of the case as the State would present them." According to appellant, the judge's "description of the elements" charged in the indictment, and explanation by example of the type of evidence the State must present to prove them, effectively lowered the State's burden of proof to the "mere presentation of testimony."

Generally, voir dire proceedings must avoid commitment questions that are based on facts "peculiar to the case at trial." *See White v. State*, 629 S.W.2d 701, 706 (Tex. Crim. App. 1981). The rationale for this rule is to avoid allowing counsel to commit the juror to a particular finding in advance of hearing the testimony or because the answer would not tend to show the juror's bias or prejudice. *See Shipley v. State*, 790 S.W.2d 604, 608 (Tex. Crim. App. 1990). The challenged comments here, however, occurred in connection with the judge's reading of the allegations in

the indictment, which is not improper. *See, e.g.*, *Hawkins v. State*, 278 S.W.3d 396, 401 (Tex. App.—Eastland 2008, no pet.) (no ineffective assistance of counsel for failing to object to prosecutor's reading of indictments during voir dire because there was no prohibition in doing so); *see also Longoria v. State*, No. 14-10-00831-CR, 2012 WL 2466574, at *7 (Tex. App.—Houston [14th Dist.] June 28, 2012, pet. ref'd) (mem. op., not designated for publication) (prosecution mentioned fact that was apparent from the indictment, which court determined was not improper in addressing ineffective assistance of counsel issue pertaining to counsel's failure to object to alleged improper commitment question) (citing *Green v. State*, 191 S.W.3d 888, 893 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) ("*Lee* is distinguishable from the facts of this case because the prosecutor in *Lee* only included facts in the indictment in the voir dire question, not those facts specific to the case at bar.")). Appellant has not argued that the judge mentioned too many case-specific facts that it should not have, and the facts referenced by the judge did not go beyond those alleged in the indictment. Appellant contends that the judge's statements imparted a false impression to the panel that the State's burden was less than beyond a reasonable doubt.

Viewing the voir dire as a whole and in context, however, we disagree with appellant's characterization. After reading the factual allegations in the indictments, the judge explained generally the kind of evidence needed for the State to prove each alleged fact—the trial judge referred to the indictment's factual allegations as "elements"—beyond a reasonable doubt. Contrary to appellant's view of the proceedings, the judge repeatedly emphasized that the State had to prove, beyond a reasonable doubt, each of the indictment's allegations; if the State failed in its proof, the jury had to find the defendant not guilty. The judge's statements did not give the impression that the jury could convict appellant if the State merely presented a

11

witness to speak to each element even if the jury did not believe that witness beyond a reasonable doubt.

Additionally, throughout voir dire, the judge instructed the jurors on several fundamental legal principles, all of which would have served to fortify, not impair, the defendant's right to a fair trial, such as: (1) indictments are only allegations, not proof, of guilt; (2) jurors are the "judges" of the facts and witnesses' credibility; (3) jurors must hear and see the witnesses before deciding to believe some, all, or none of their testimony; (4) each of the indictment's allegations could be proved by just one witness "or it could take two witnesses or ten witnesses for the State to prove each of these elements"; and, importantly, (5) the State must prove each of the allegations beyond a reasonable doubt or the jurors must find the defendant not guilty. The judge explained that neither the court nor the panel had knowledge of appellant's guilt and it was the State's burden to prove each element of the charged offenses beyond a reasonable doubt.

As the record shows, the trial judge clearly and repeatedly reminded the venire panel that appellant was entitled to the presumption of innocence and that the State could overcome this presumption only with proof beyond a reasonable doubt of each allegation contained in the indictment. She did not impart any information to the venire panel that either tainted appellant's presumption of innocence or otherwise lessened the State's burden of proof. *See, e.g.*, *Loge*, 550 S.W.3d at 378-82 (overruling challenge to various comments made by trial judge because, when considered in context, they did not "bear on the presumption of innocence or show the trial judge was biased and not impartial"). She did not seek to commit the potential jurors to base their verdict on a specific set of facts before hearing any evidence. *See Sanchez v. State*, 165 S.W.3d 707, 712 (Tex. Crim. App. 2005) (explaining improper commitment questions). Instead, she simply instructed the

12

jurors to hold the State to its burden of proving *all* the indictment's factual allegations.  The judge's statements did not suggest to the venire panel that the State's burden of proof was less onerous than the beyond-a-reasonable-doubt standard.

Appellant also contends that the judge improperly committed jurors to the "one-witness rule."  As appellant argues, the judge's questions and statements misled the panel into believing that if the State presents only one witness in support of the charged elements, then it has proven guilt beyond a reasonable doubt.  We detail the full text of the judge's discussion of the one-witness rule:

> THE COURT:  We have another rule that we call the one-witness rule.  So what that means is this, is that here in Texas -- again, we're unique for a lot of reasons.  In this state, if there is only one witness that -- to an offense, but a jury believes that witness beyond a reasonable doubt, then a person can be found guilty and convicted.  We have a state nearby that that prosecutor's office will not take charges unless two people saw the same thing.
>
> Well, here's the bottom line, is that I will give you the fact that we have dumb crooks, but for the most part when crooks commit crimes, they typically don't commit where there's going to be what?
>
> VENIREPERSON:  Witnesses.
>
> THE COURT: Witnesses, right?  Right.  So if I'm leaving this building -- and the jail is right behind us -- and I am leaving here at 6:30, I'm not leaving as Judge Velasquez, I am leaving as Vanessa Velasquez.  And I always carry a long strap purse.  And I'm walking out just thinking to myself whatever I'm thinking to myself, what I'm going to have to buy at the store.  And I am walking down the street and all of a sudden I feel a tug and I turn around and it's Juror No. 6.  And he is tugging on my purse and I'm tugging and he is tugging.
>
> And ten seconds -- 1000-one, 1000-two, 1000-three, 1000-five, 1000-six, 1000-seven, 1000-eight, 1000-nine, 1000-ten -- he breaks off with my purse, he takes off running down the street, my -- he hurts my shoulder, it's dislocated or whatever.  I am screaming and here comes

13

one of the deputies. And I say hey, help, I just got robbed, this guy just came and took my purse. And I make a report.

She takes the report. And what happens is that it gets referred to a detective. Then the next thing that happens is nothing. Right? I wait a week, two weeks. I don't hear anything. Then I get a phone call. Is this Vanessa Velasquez? Yes. Would you mind coming down here to the sheriff's department to view a lineup? Sure.

So I go down to that lineup and they bring out six people. And I've already given the description of an African-American male, probably about 5-11, about 175 pounds, wears glasses, black tint, and all of a sudden I see him and I go that's him, No. 6. All right. Next order of business that detective is going to call the D.A.'s office and is going to say we've got a woman here that was robbed two weeks ago. We just did a lineup, she positively identified him, will you take charges.

That prosecutor, whoever it is, is probably going to go okay, I'll take robbery. Oh, and by the way, her shoulder was injured. Okay. I'll take robbery. Same thing. He is a going to be presented before a magistrate. Another D.A. is going to tell that magistrate what supposedly happened and the fact that I positively identified him in a lineup. Then his case is going to be presented to a Grand Jury and then he is going to say I didn't do it and he is going to look at the State of Texas and he is going to say prove it.

Next order of business. We have a trial, a jury like yourself is convened. Twelve people of you -- twelve of you are selected to sit over here in the box. And at some point, the prosecution will say Judge, at this time, we call Vanessa Velasquez to the stand. I come in, I swear, I sit over there in that chair. The prosecutor proceeds to ask me questions in an attempt to prove each and every single element of the indictment beyond a reasonable doubt.

And at some point, the State will say Judge, we rest. And No. 6 over here, he can sit here and not do anything and his lawyer can say Judge, we rest. Next order of business, the Judge reads you the law, you-all go back to the jury room, and you decide whether you believe what I said and that he is the person that robbed me or not. All right? That's how it works. In this state, if there is only one witness and the jury believes that witness beyond a reasonable doubt, then a person could be found guilty and they could be convicted.

14

So with all of that, I need to know is there anybody here that would have to have at least two people that saw the same thing before they could convict a person if the State proved all of the elements beyond a reasonable doubt?

On the first row?

Second row?

Third row?

VENIREPERSON: I would.

THE COURT: You would? Okay. What's your number?

VENIREPERSON: 35.

THE COURT: Thank you.

Third row?

VENIREPERSON: 21.

THE COURT: 21. All right. 19, 17. Anybody else? 16. All right. So -- let me back up here. Let me back up. I know that we all want to have at least two witnesses. I get that, but that's not the law. The law is if there is only one person but you believe that one person's testimony beyond a reasonable doubt and all the other evidence supports what that witness says, can you convict that person?

Can you do that on the first row? I guess the better question is: Who cannot do that? First row? Second row? Third row? 21 can't. And you can't. All right. I just needed to rephrase it. Because there is not always going to be -- don't forget, you know, crooks are the ones that decide the crime, they decide the time, and they decide the victim. And most crooks don't commit crimes where there's going to be witnesses.

So y'all need to get real because this ain't TV. So I just want to make sure you understand the reality of what we face every single day. There aren't always more than two witnesses. There aren't always more than one witness. It's just a matter of can you follow that law or not.

21, you can't follow that law, you can't follow that law. Who else? 19, 47, 31. Who else cannot follow that law?

All right.

Though not entirely clear, appellant seems to be pressing two distinct points: (1) the judge asked an improper commitment question; and (2) the judge misstated the law regarding the so-called "one-witness rule." To the extent appellant presents the former argument, it is waived by the failure to timely object. *See Wampler v. State*, 494 S.W.3d 367, 369 (Tex. App.—Eastland 2015, pet. ref'd) (appellate complaint of improper commitment question waived when no objection asserted at trial); *Ross v. State*, 154 S.W.3d 804, 807 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). Moreover, asking a potential juror if she can follow this rule when it is properly explained is not an improper commitment question. *See Lee v. State*, 206 S.W.3d 620, 623 (Tex. Crim. App. 2006). Nor is it problematic to explain a rule of law with a hypothetical example using facts untethered to the case at hand, as the judge did here. *See Pierson v. State*, No. 14-06-00044-CR, 2007 WL 412357, at *7 (Tex. App.—Houston [14th Dist.] Feb. 8, 2007, no pet.) (mem. op., not designated for publication).

As to the second argument, we conclude the trial judge's remarks, when viewed in context and in their totality, do not amount to an erroneous statement of law. The "one-witness rule" generally is understood as the principle that a jury may convict a defendant on the testimony of one witness so long as the jury believes that witness has established all of the elements of the offense beyond a reasonable doubt. *See Blackwell v. State*, 193 S.W.3d 1, 20 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd); *see also Lee*, 206 S.W.3d at 623 (recognizing continued vitality of one-witness rule by approving use of question regarding one witness during jury selection). As the Court of Criminal Appeals held in *Lee*, a prospective juror may be challenged for cause if she indicates that she could not convict based upon the testimony of one witness whom she believed beyond a reasonable doubt, and whose

16

testimony proved every element of the indictment beyond a reasonable doubt. *See Lee*, 206 S.W.3d at 623.

Although the trial judge's initial explanation of the one-witness rule did not include all facets of the concept, the judge's overall statements clarified the rule and its application. Read as a whole, the judge's explanation of the one-witness rule properly instructed the venire panel that a conviction could be based on the testimony of a single witness only if that witness testified to all the elements of the offense and the venire members believed this witness beyond a reasonable doubt.[4] We conclude that the judge did not misstate the law with respect to the one-witness rule, seek to improperly commit the panel members to the rule, or, as appellant asserts, "[mislead] the [panel] to believe that if the State presents one witness for all of its elements, then it has proven guilt beyond a reasonable doubt."

Viewed in totality, we conclude the trial court's voir dire of the venire panel did not violate appellant's due process right to a fair trial, taint appellant's presumption of innocence, or otherwise lessen the State's burden of proof. *See Salau v. State*, No. 14-17-00130-CR, 2018 WL 4017087, at *2-5 (Tex. App.—Houston [14th Dist.] Aug. 23, 2018, no pet.) (mem. op., not designated for publication); *Loge*, 550 S.W.3d at 378-82; *Luu*, 440 S.W.3d at 128-29; *see also Latson v. State*, 440 S.W.3d 119, 120-21 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *McLean v. State*, 312 S.W.3d 912, 917 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *King v. State*, 17 S.W.3d 7, 18-19 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

---

[4] Additionally, although the trial court identified several venire members who might be unable to follow the rule, the State asked follow-up questions with further explanation: "If you believed the testimony of that one witness, believe that I have proven all of my elements beyond a reasonable doubt through that one witness, would you be able to render a guilty verdict?" As noted above, when the prosecuting attorney followed up with these panel members, she identified two members who would be unable to follow this rule and successfully challenged them for cause. *See Lee*, 206 S.W.3d at 623.

17

Accordingly, the judge's challenged statements did not deprive appellant of due process or of his right to a fair trial, nor did her comments rise to the level of judicial impropriety.

We overrule appellant's first issue.

## B.    Article 38.05 Complaint

Appellant urges in his second issue that the same voir dire statements discussed above also violated Code of Criminal Procedure article 38.05. Appellant says the judge's statements "established to the jury that [the complainant's] testimony alone could prove Gibson guilty beyond a reasonable doubt seemingly as a matter of law." The remarks, appellant continues, endorsed the State's evidence and "set the weight of it" as enough to convict.

Article 38.05 "prohibits the trial judge from commenting on the weight of the evidence in criminal proceedings or otherwise divulging to the jury her opinion of the case." *Proenza*, 541 S.W.3d at 791. This article provides:

> In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; *nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.*

Tex. Code Crim. Proc. art. 38.05 (emphasis added). In short, a trial judge must maintain an attitude of impartiality through trial. *Simon v. State*, 203 S.W.3d 581, 589 (Tex. App.—Houston [14th Dist.] 2006, no pet.). A trial judge improperly comments on the weight of the evidence if she makes a statement that implies approval of the State's argument, indicates disbelief in the defense's position, or diminishes the credibility of the defense's approach to the case. *Id.*

18

First, we reiterate that appellant was not required to object in the trial court as a precursor to an article 38.05 appellate challenge based on improper judicial comments. *Proenza*, 541 S.W.3d at 801. Although an article 38.05 issue is properly before us, however, only the article's second part is implicated here, as the challenged statements did not occur in connection with a ruling upon the admissibility of evidence.

We do not believe the judge's statements demonstrated any partiality in the State's favor. Rather, the judge repeatedly and consistently emphasized that, to convict appellant, the State must prove all the allegations in the indictments beyond a reasonable doubt. The judge did not indicate any partiality or bias, nor did the judge's statements suggest approval of the State's argument, indicate disbelief in the defense's position, or diminish the credibility of the defense's approach to the case. *See Simon*, 203 S.W.3d at 590. Nor were the judge's statements, viewed collectively, regarding the burden of proof or the one-witness rule legally erroneous. Simply put, read in context, none of the trial judge's challenged comments conveyed to the venire panel the judge's opinion of this case. *See* Tex. Code Crim. Proc. art. 38.05; *see also Pelletier v. State*, No. 14-18-00008-CR, 2019 WL 2536188, at *4-5 (Tex. App.—Houston [14th Dist.] June 20, 2019, pet. ref'd) (mem. op., not designated for publication) (holding that trial judge's comment on admissibility of evidence did not implicate article 38.05 because it did not bear on the evidence's weight). On the whole, it appears the judge's remarks in the present case were "made with the manifest intent to benefit the defendant and to protect his rights." *Unkart*, 400 S.W.3d at 101.

We overrule appellant's second issue.

## Conclusion

Having overruled both of appellant's issues, we affirm the trial court's judgment.

/s/    Kevin Jewell
Justice

Panel consists of Justices Christopher, Jewell, and Zimmerer.

Do Not Publish — Tex. R. App. P. 47.2(b).