

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-22-00033-CR

**ERICK DESHAWN PRATT,**

                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                **Appellee**

_____

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 19-03220-CRF-272

_____

## MEMORANDUM OPINION

_____

A jury found appellant, Erick Deshawn Pratt, guilty of the offense of burglary of a habitation with intent to commit assault. *See* TEX. PENAL CODE ANN. § 30.02(c)(2). Pratt elected to have the trial court assess his punishment. At the punishment hearing, Pratt pleaded "true" to two enhancement allegations contained in the indictment that alleged prior felony convictions for possession of a controlled substance and burglary of a habitation. The trial court found the two enhancement paragraphs true and assessed

punishment at 40 years in prison.  The trial court certified Pratt's right of appeal, and this appeal ensued.

In two issues on appeal, Pratt contends that the trial court erred by:  (1) overruling his objection to alleged improper commitment questions during voir dire; and (2) denying his motion for mistrial based on the alleged improper commitment questions. We affirm.

### Commitment Questions During Voir Dire Examination

In his first issue, Pratt contends that the trial court erred in overruling his *Standefer* objection to the State's improper commitment questions during voir dire. *See Standefer v. State*, 59 S.W.3d 177, 179 (Tex. Crim. App. 2001) ("'An attorney cannot attempt to bind or commit a prospective juror to a verdict based on a hypothetical set of facts.'" (quoting *Allridge v. State*, 850 S.W.2d 471, 480 (Tex. Crim. App. 1991), *cert. denied*, 510 U.S. 831, 114 S. Ct. 101, 126 L. Ed. 2d 68 (1993)).

During the voir-dire, the State sought to explain that offensive bodily contact, whether it caused pain or not, is still an assault under the law.  The State used hypothetical situations, such as pulling a person's hair, a blood pressure cuff, and squeezing a person's arm or shoulders, to explain the difference between assault by offensive touching and assault by causing bodily injury.  Pratt did not object to these questions.  Furthermore, after each hypothetical situation, the State asked the venirepersons if they could "promise" the court that they would convict for assault in

these situations, even if "the pain was super-slight." Pratt only objected to the State's third question calling upon the venirepersons to make a promise.

Generally, a party must complain in the trial court to preserve that complaint for appellate review. TEX. R. APP. P. 33.1(a). To preserve error for review on appeal, the complaining party must make a timely and specific objection at the earliest opportunity. *See id.*; *see also London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016) ("A party satisfies the requirement of a timely trial-level complaint 'if the party makes the complaint as soon as the grounds for it become apparent[.]'" (quoting *Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006); *Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). Thus, an objection is required when the objecting party "'knows or should know that an error has occurred.'" *London*, 490 S.W.3d at 507 (quoting *Hollins v. State*, 805 S.W.2d 475, 476 (Tex. Crim. App. 1991)).

Here, Pratt complains about the State's questions during voir dire calling for a promise. However, the record reveals that Pratt did not object to these questions until the State had asked and the venirepersons answered two of them. Because Pratt did not object to the questions when they were first asked and the purported error became apparent, and because the venirepersons answered two of the questions, we conclude that Pratt has not preserved his complaint on appeal regarding the State's first two questions. *See* TEX. R. APP. P. 33.1(a); *London*, 490 S.W.3d at 507; *see also Wampler v. State*, 494 S.W.3d 367, 369 (Tex. App.—Eastland 2015, pet. ref'd) ("If one veniremen answered

an allegedly improper question, and the defendant failed to object, then the defendant's argument is waived." (citing *Montgomery v. State*, 198 S.W.3d 67, 74 (Tex. App.—Fort Worth 2006, pet. ref'd)).

Additionally, Pratt also appears to complain that the State's questions after a bench conference conducted after Pratt's objection to the third question calling for a promise were improper commitment questions with imbedded facts from prior hypothetical questions.[1] After the bench conference, the State asked the venirepersons if they could find each of the elements of assault proven beyond reasonable doubt, even if the evidence showed there was only slight pain. The State then asked: "It's just whether or not you have believed all of these—we have proven this case to you beyond a reasonable doubt. But then you find out that the assault is—it didn't cause a lot of pain. You would still have to promise that you would convict and follow the law in that situation." Pratt did not immediately object to either of these questions, and the venirepersons answered the State's questions. Instead, Pratt waited until the following day, prior to the commencement of the presentation of evidence, to object to these questions. Once again, we conclude that Pratt has not preserved his complaint regarding these questions, as his objection made prior to the commencement of the presentation of evidence was not

---

[1] We also note that Pratt did not pursue his objection to the third question calling for a promise to an adverse ruling. *See Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008) ("To preserve error for appellate review, a party must make a timely and specific objection or motion at trial, and there must be an averse ruling by the trial court. Failure to preserve error at trial forfeits the later assertion of that error on appeal." (internal citations omitted)) Instead, the trial court indicated that the State could ask whether the venirepersons could convict if they believed the evidence beyond a reasonable doubt.

timely. *See* TEX. R. APP. P. 33.1(a); *see also London*, 490 S.W.3d at 507. We overrule Pratt's first issue.

**Motion for Mistrial**

In this second issue, Pratt contends that the trial court erred in denying his motion for mistrial based on the State's questions during voir dire.

In accordance with Texas Rule of Appellate Procedure 33.1, a motion for mistrial must be timely and specific. TEX. R. APP. P. 33.1; *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). A motion for mistrial is timely only if it is made as soon as the grounds for it become apparent. *Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007); *Wilkerson v. State*, 881 S.W.2d 321, 326 (Tex. Crim. App. 1994).

The alleged ground for a mistrial became apparent when the State asked the first question in the series of questions calling for a promise from the venirepersons. Pratt neither objected, nor moved for a mistrial at this time. With regard to his motion for mistrial, Pratt waited until the following day, immediately before trial, to move for a mistrial. Because Pratt did not move for a mistrial when the alleged ground first became apparent, we conclude that Pratt's motion for mistrial was untimely and did not preserve this complaint for appellate review. *See* TEX. R. APP. P. 33.1; *see also Griggs*, 213 S.W.3d at 927; *Young*, 137 S.W.3d at 69; *Wilkerson*, 881 S.W.2d at 326. We overrule Pratt's second issue.

**Conclusion**

Having overruled both of Pratt's issues on appeal, we affirm the judgment of the trial court.

 

                                        MATT JOHNSON
                                        Justice

Before Chief Justice Gray,
        Justice Johnson,
        and Justice Smith
Affirmed
Opinion delivered and filed October 12, 2022
Do not publish
[CPRM]

