

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-24-00392-CR

---

Dunn Everett, Appellant

v.

The State of Texas, Appellee

---

On Appeal from the 229th District Court
Duval County, Texas
Trial Court No. 21-CRD-16

---

## MEMORANDUM OPINION[1]

Appellant Dunn Everett was convicted of assault against a public servant and sentenced to four years' incarceration. He appeals, alleging two errors during voir dire. Because Everett failed to preserve error, we affirm.

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't Code Ann. § 73.001. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

# I.  TIME LIMIT ON VOIR DIRE

## A.  Factual background

The trial court in this case conducted a good part of the voir dire itself. After addressing juror qualifications and requests to be excused, the trial court began voir dire with a discussion about the importance of providing truthful answers during the jury selection process. It explained the charges and introduced the prosecutor and defense attorney. The trial court also gave a general overview of the trial procedure, including the phases of trial, the presumption of innocence and burden of proof, the defendant's right to not testify, and the jury's role to determine facts and judge credibility of witnesses. The trial court informed the venire panel members that they must be able to consider the full range of punishment which, in this case, did not include community supervision. Finally, the trial court asked many of the questions typically asked by attorneys in voir dire: whether anyone knew the attorney, defendant, or witnesses; had heard about the case; had already formed an opinion that Everett was guilty; knew anyone who was either a victim of assault or charged with assault; or would hold it against Everett if he chose to remain silent and not testify. The trial court then turned voir dire over to the attorneys. The record does not reflect that it advised them of a time limitation.

The prosecutor covered some of the same ground that the trial court had covered—the trial process, defendants' rights, reasonable doubt, and the charges against Everett. The prosecutor focused his questions on trying to determine if the jury would require more evidence than testimony from the victim and their feelings towards law enforcement. He also asked follow-up questions of jurors who had earlier answered that they knew Everett.

Everett's attorney started his portion of voir dire with an explanation of his beliefs that our judicial system is a Judeo-Christian system and a description of the parallels between the jury process and Christianity. He next discussed the presumption of innocence, the different burdens of

proof in the law and what each required, and the fact that an indictment is not evidence of guilt. As Everett's attorney was discussing a defendant's right to remain silent, the trial court advised him that he had three minutes left. After a few remarks and questions about what types of evidence that the jury would find persuasive, the trial court stated that his time was up.[2] Defense counsel asked to approach and informed the trial court that he had not been advised of a time limit and that he wanted to make a record of the other questions that he intended to ask. The trial court stated that he could do so at a break.

The jury was then sent out of the courtroom so that the attorneys could exercise their strikes. During that time, Everett's attorney complained that he was unable to further question a prospective juror who he believed had answered that he would hold it against Everett if he did not testify. The trial court allowed him to call that veniremember back into the courtroom to answer that question. After the attorneys completed their strikes, the trial court announced the jurors and asked the attorneys if there were objections to the selected jurors, to which Everett's attorney responded "no."

### B. Applicable law

"The constitutionally guaranteed right to counsel encompasses the right to question prospective jurors in order to intelligently and effectually exercise peremptory challenges and challenges for cause during the jury selection process." *Ex parte McKay*, 819 S.W.2d 478, 482 (Tex. Crim. App. 1990) (en banc). But voir dire does not continue until the attorney runs out of questions. Indeed, a "skilled lawyer can always find more questions that are proper to ask prospective jurors." *Whitaker v. State*, 653 S.W.2d 781, 782 (Tex. Crim. App. 1983) (en banc). The right to question a venire panel is balanced with the trial court's right to control voir dire "in the interest of conducting an orderly and expeditious trial." *Ex parte McKay*, 819 S.W.2d at 482.

---

[2] The trial court noted that defense counsel had been conducting voir dire for more than an hour.

3

"These two principles—the right of counsel to question veniremembers and the right of the trial court to control the voir dire and impose reasonable restrictions—coexist and must be harmonized." *Ratliff v. State*, 690 S.W.2d 597, 599 (Tex. Crim. App. 1985) (en banc).

We review time limitations of voir dire for an abuse of discretion. *McCarter v. State*, 837 S.W.2d 117, 119 (Tex. Crim. App. 1992) (en banc). We analyze three factors in determining whether the trial court abused its discretion: "(1) whether the defendant's voir dire examination reveals an attempt to prolong the voir dire . . . [;] (2) whether the questions that the defendant was not permitted to ask members of the venire were proper voir dire questions"; and (3) whether the defendant "was not permitted to examine jurors who served on the jury." *Ratliff*, 690 S.W.2d at 599–600.

## C. Application

The State argues that the trial court did not abuse its discretion because Everett unnecessarily prolonged voir dire—the first factor listed above—by "sharing stories about his legal experience and comparing the jury service to religion instead of immediately questioning jurors." We need not address this point, however, because we hold that Everett failed to preserve error.

For us to analyze whether the questions the defendant would have asked were proper—the second factor listed above—the defendant must have made a record of the specific questions he would have asked, if given additional time. *Clemments v. State*, 940 S.W.2d 207, 209 (Tex. App.—San Antonio 1996, pet. ref'd) ("it is essential that the record reflect what questions the complaining party was prevented from asking"); *Yanez v. Hernandez*, 632 S.W.3d 64, 74 (Tex. App.—El Paso 2020, no pet.) ("Without knowing specifically what questions Appellant intended to ask the venire members, we cannot adequately assess whether they would be relevant to determining the proclivities of potential jurors which could subject them from being stricken."). Submitting the specific unasked questions is required to preserve a complaint for appeal. *S.D.G. v. State*, 936 S.W.2d 371, 380 (Tex. App.—Houston [14th Dist.] 1996, writ denied) (holding that the appellant

did not preserve error because "[r]ather than propound specific questions that he wished to ask, appellant merely identified general topics for potential questions").

Everett's attorney asked to make a record of the questions that he would ask the veniremembers if he was given more time. The trial court did not deny his request but only told him to wait for a break. That opportunity came almost immediately when the trial court sent the panel out of the courtroom so that the attorneys could make their challenges and strikes. During that time, Everett's attorney made no attempt to put those questions on the record[3] and, before the unselected veniremembers were excused, stated that he had no objection to the jurors selected.

Everett failed to preserve his complaint that the trial court abused its discretion by not allowing him additional time to question prospective jurors. Issue one is overruled.

## II. DENIAL OF MOTION FOR MISTRIAL

In his second issue, Everett complains that the trial court erred in denying his mistrial when two prospective jurors disclosed that Everett had a criminal history as a juvenile.

During the State's portion of voir dire, two veniremembers who worked at a juvenile detention facility stated that they knew Everett because he had been detained there. After the first instance, Everett's attorney approached the bench, requested an instruction to disregard the statement, and moved for a mistrial. The trial court did not respond to the request for an instruction and denied the motion for mistrial. After the second instance, the attorney did not object, request an instruction, or move for a mistrial.[4]

---

[3] The questions can be put on the record by filing a formal bill of exceptions or simply reading the questions into the record. *See, e.g.*, *Taylor v. State*, 939 S.W.2d 148, 154 (Tex. Crim. App. 1996) (en banc) (attorney read questions into the record); *Chakravarthy v. State*, 516 S.W.3d 116, 129 (Tex. App.—Corpus Christi–Edinburg 2017, pet. ref'd) (attorney made bill of exception).

[4] Everett did not challenge for cause or use a preemptory strike for either veniremember. One sat as a juror on the case without objection from Everett.

To preserve a complaint for appeal, a party must make a "timely request, objection, or motion[.]" Tex. R. App. P. 33.1(a). When an objectionable statement is repeated, the party must object each time; failure to do so forfeits the complaint. *Fuentes v. State*, 991 S.W.2d 267, 273 (Tex. Crim. App. 1999) (holding that appellant waived his complaint that the trial court misstated the burden of proof during voir dire because, although he objected the first time, he failed to object the second time the trial court made the same statement); *Wampler v. State*, 494 S.W.3d 367, 369 (Tex. App.—Eastland 2015, pet. ref'd) ("If one venireman answered an allegedly improper question, and the defendant failed to object, then the defendant's argument is waived.").

Because Everett's attorney did not object when the second veniremember referred to Everett's time in juvenile detention, Everett failed to preserve his complaint for appeal. We overrule issue two.

## III. CONCLUSION

Everett failed to preserve the errors that he asserts on appeal. The judgment of the trial court is affirmed.

MARIA SALAS MENDOZA, Chief Justice

March 3, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)